RICHARD D. HATTON èt al., Testamentary Trustees of CHRISTIAN F. LIEBKE, Appellants, v. CITY OF ST. LOUIS.

Division One, April 1, 1915.

1. **STREET: Dedication: Irrevocable.** The dedication of a street by a properly executed and recorded plat, in the manner prescribed by statute, made by the owner of land, vests the title to the streets and alleys thereon designated in the city, without any action on its part, and thereafter is irrevocable by him or his heirs.

2. ———: **Common-Law Dedication: Acceptance by City: Estoppel.** A plat made by commissioners appointed to partition the lands, so made that the respective allotments should be bounded by certain streets and alleys designated thereon as dedicated to the city, followed by an exchange of deeds vesting the allotments in accordance therewith among the coparceners in severalty, though not acknowledged, if recorded, constitutes a common law or non-statutory dedication, and is just as efficacious as a statutory dedication would be, if accepted by the city in any of the ways recognized by the law, or if the owners of the allotments by any acts having that effect have estopped themselves to question the validity of the dedication.

3. ———: ———: **Acts of Acceptance.** Omitting from assessment for taxation streets and alleys designated on the unacknowledged but recorded plat; taking charge of one of the streets, changing its name, improving it under ordinance passed for that purpose, and causing it to be widened by a condemnation proceed-

ing; and including the streets and alleys designated in the plat in all the official maps of the city's highways, amount to an acceptance by the city of the common-law or non-statutory dedication of such streets and alleys.

4. ———: ———: **Estoppel.** The execution and exchange of deeds among the coparceners conveying the allotments to them in severalty, in accordance with the plat of the commissioners in partition, designating certain streets and alleys and reserving them to public use, immediately upon the filing of such unackowledged plat, vest the easement in the streets and alleys in the city, and estop the coparceners from questioning the efficacy of the dedication.

5. ———: **Limitations: Adverse Possession.** A claim of title to a street, by limitation or by abandonment, presents issues of law; and no right or title can accrue from adverse possession, unless it began prior to the time the statute excepting lands devoted to a public use from the operation of the Statute of Limitations became operative on August 1, 1866, and was actual, open and notorious, under a claim of ownership, prior to that date.

6. ———: ———: ———: **Appellate Practice.** Where the evidence was conflicting on the question of whether plaintiff's actual possession of the streets and alleys prior to August 1, 1866, was adverse to the city's claim of an easement, or was in recognition of it, or was actual, and the court sitting as a jury found against the plaintiff on the issue, presented purely as an issue of law, and no instructions were asked or given and no exceptions were saved during the course of the trial, the weight of the testimony was for the trier of the fact, and his finding on that issue will not be disturbed on appeal.

Appeal from St. Louis City Circuit Court.—*Hon. Leo. S. Rassieur,* Judge.

AFFIRMED.

*E. C. Slevin* and *M. G. Murray* for appellants.

(1) To effect a statutory dedication, the requirements of the statute must be complied with. Putnam v. Walker, 37 Mo. 600. (2) It is essential to every valid dedication at common law that it should conclude the owner, and that, as against the public, it should

be accepted by the proper local authorities or by general public user. Elliott on Roads and Streets (3 Ed.), sec. 122; Becker v. St. Charles, 37 Mo. 13; Landis v. Hamilton, 77 Mo. 554; St. Louis v. St. Louis University, 88 Mo. 155; Baker v. Vanderburg, 99 Mo. 378; Meiners v. St. Louis, 130 Mo. 274; Hill v. Hopson, 150 Mo. 611; McGrath v. Nevada, 188 Mo. 102; Skrainka v. Oertel, 14 Mo. App. 474; Baker v. Squire, 77 Mo. App. 329; Bituminous Pav. Co. v. McManus, 144 Mo. App. 593; Drimmel v. Kansas City, 180 Mo. App. 339. (3) A common-law dedication operates by way of an estoppel *in pais*. Elliott on Roads & Streets (3 Ed.), sec. 125; Dillon on Mun. Corp. (5 Ed.). sec. 1071. That is to say, a proprietor will be estopped as to his grantee to deny the existence of the street, because his deed says there is one. (4) But merely laying out grounds, or merely platting and surveying them, without throwing them open to use or actually selling lots with reference to the plat, will not constitute a dedication. Elliott, Roads & Streets (3 Ed.), sec. 128; Kruger v. Constable, 116 Fed. 722; Holly Grove v. Smith, 63 Ark. 5; Perfle v. Reed, 81 Cal. 70; Berry v. McComb City, 69 Miss. 882; Jones on Easements, sec. 242. (5) But, postulating these two essential elements of a common-law dedication, viz., a plat and a sale of lots with reference thereto, nevertheless prior to acceptance or public user, the proprietor and his grantee or grantees can mutually agree to revoke or annul the tentative dedication. Dillon, Mun. Corp. (5 Ed.), secs. 1090, 1091; Elliott, Roads & Streets (3 Ed.), sec. 172; Jones on Easements, sec. 242; Becker v. St. Charles, 37 Mo. 19; St. Louis v. University, 88 Mo. 159; Board of Comrs. v. Young, 59 Fed. 96; In re Brooklyn Street, 118 Pa. St. 646; Norfold v. Nottingham, 96 Va. 38. (6) And similarly when all the grants of a proprietor have converged in one person, the tentative dedication may be revoked or annulled, since, unless he invoke estoppel, there is no derivative right in the munici-

pality so to do; his right in this respect being private and personal. Dillon on Mun. Corp. (5 Ed.), secs. 1090, 1091. And furthermore, one may not have an easement in his own property. Jones on Easements, sec. 166. (7) A municipality in Missouri acquires an easement only in streets and alleys by virtue of a dedication, whether statutory or at common law. Snoddy v. Bolen, 122 Mo. 491; Thomas v. Hunt, 134 Mo. 403; Elevator Co. v. Railroad, 135 Mo. 366. (8) The Statute of Limitations will bar an easement. Washburn on Easements (3 Ed.), 672; Boyce v. Railroad, 168 Mo. 594. And since the year 1847 the period is ten years. Leiweke v. Link, 147 Mo. App. 19. (9) Prior to the enactment of the statute of 1865 (G. S. 1865, sec. 7, p. 746, now Sec. 1886, R. S. 1909), municipal corporations were subject to the bar of the statute. Crigler v. Mexico, 101 Mo. App. 624; Callaway Co. v. Nalley, 31 Mo. 393; Insurance Co. v. St. Louis, 98 Mo. 422; Railroad v. Totman, 149 Mo. 657; Bonsor v. Madison Co., 204 Mo. 84. (10) That statute went into effect on August 1, 1866, and was prospective only in its operation. Callaway Co. v. Nolley, 31 Mo. 393; Insurance Co. v. St. Louis, 98 Mo. 422; Coleman v. Drawe, 116 Mo. 387; Dice v. Hamilton, 178 Mo. 81. (11) Actual, open, exclusive, notorious and adverse possession of the servient estate for the period of ten years will bar a claim of easement by analogy to the statute barring actions for the recovery of land. Scruggs v. Scruggs, 43 Mo. 142; Wilkerson v. Eilers, 114 Mo. 245; Miller v. Rosenberger, 144 Mo. 292. (12) And actual, open and notorious possession is of itself sufficient evidence that it was adverse, when there is no evidence tending to show that the possession was permissive or under license or contract. Miller v. Rosenberger, 144 Mo. 292; Boyce v. Railroad, 168 Mo. 593. (13) Under certain circumstances the plea of equitable estoppel *in pais* will be upheld against the claim of a municipality to an easement for street purposes. Lumber Co. v. Osh-

kosh, 89 Wis. 449; Jordan v. Chenoa, 166 Ill. 530.  (14) Conveyances *inter partes,* though referring to a plat and designated streets and alleys delineated thereon, will not effect a dedication at common law in the absence of any evidence of acceptance or public user. Nor will such deeds effect a rededication after the Statute of Limitations has barred the claim of easement. Cotter v. Philadelphia, 194 Pa. St. 496; Scott v. Railroad, 222 Pa. St. 634.  (15)  Maps and surveys are not evidence of a dedication when there is no evidence that the streets have been opened and are used by the public.  37 Cyc. 157; Ottawa v. Ventzer, 160 Ill. 509; Downend v. Kansas City, 156 Mo. 60.  (16)  The action of the assessor in exempting these strips from taxation does not constitute evidence of their acceptance by the municipality.  St. Louis v. German, 29 Mo. 593; Buschman v. St. Louis, 121 Mo. 523; Cooper v. Railroad, 230 Mo. 81.

*William E. Baird* and *Charles H. Daues* for respondent.

(1)  Acceptance by the city was not necessary to complete a statutory dedication.  The estate became vested in the public by grant.  Reid v. Board of Education, 73 Mo. 304.  (2)  The statute excepting lands devoted to public use from the Statute of Limitations became operative August 1, 1866.  G. S. 1865, sec. 7, p. 746; now Sec. 1886, R. S. 1909.  (3)  The Statute of Limitations does not run against cities in a highway case unless private or contract obligations, rather than public rights, are involved.  Elliott on Streets & Roads (2 Ed.), sec. 882; St. Louis v. Railroad, 114 Mo. 24; Insurance Co. v. St. Louis, 98 Mo. 422.  (4)  One who makes a statutory dedication of a street, and sells or conveys lots with reference to the plat, cannot recall his dedication.  Elliott on Streets & Roads, p. 128; Shea v. City, 67 Iowa, 39; Archer v. Salinas City, 73 A. & E.

Corp. Cases, 164.   (5)   To create title by adverse pos-
session it must be shown that possession was actual,
open, notorious, and under claim of ownership.   Hun-
newell v. Burchett, 152 Mo. 611; Hunnewell v. Adams,
153 Mo. 440; Stone v. Perkins, 217 Mo. 586; Heck-
escher v. Cooper, 203 Mo. 278; Milling Co. v. Riley,
133 Mo. 574.   (6)   The burden of proving adverse pos-
session is upon the party asserting it.   Mo. L. M. Co.
v. Jewell, 200 Mo. 707.   (7)   The acceptance of a deed
to land waives the right claimed by adverse possession.
Keith v. Keith, 80 Mo. 128.   (8)   Recognition of the
title of the former owner defeats the claim of title by
adverse possession.   Taylor v. Planet P. & F. C., 78
Mo. App. 137; Tomlinson v. Lynch, 32 Mo. 160; Keith
v. Keith, 80 Mo. 128.   (9)   The filing of a plat not com-
plying with the statute and the subsequent making of
conveyances describing property as abutting upon the
streets platted constitute a common-law dedication.
Hannibal v. Draper, 15 Mo. 640; Heitz v. St. Louis, 110
Mo. 624; Thurston v. St. Louis, 51 Mo. 512; Buschman
v. St. Louis, 121 Mo. 523; Railroad v. Boker, 183 Mo.
322; White v. St. Louis, 153 Mo. 80.   (10)   Where lots
are sold with reference to a plat by the dedicator, such
streets abutting the lots are dedicated to the public,
and not only the purchaser of the lots, but also the
public by its officers, can insist on the streets being
opened.   9 Am. & Eng. Ency. Law, p. 65; Heitz v. St.
Louis, 110 Mo. 618; White v. St. Louis, 153 Mo. 90;
McGinnis v. St. Louis, 157 Mo. 191; St. Louis v. Bar-
thel, 256 Mo. 277.   (11)   When intent of owner to ded-
icate is clearly shown, no acceptance on part of public
is necessary.   Milling Co. v. Riley, 133 Mo. 584; Elliott
on Streets & Roads (2 Ed.), sec. 114.   (12)   Where
the public authorities have done acts recognizing the
existence of highways and treating them as such, this
constitutes an implied acceptance.   Elliott on Streets
& Roads, sec. 115; 9 Am. & Eng. Ency. Law, p. 49.   (13)
When the city accepts the dedication of one street on

a plat it accepts all streets and alleys set out on the plat. Heitz v. St. Louis, 110 Mo. 619. (14) The right of the city to maintain title to a street which is not traveled by the public is well settled. Downeno v. Kansas City, 156 Mo. 60; Meiners v. St. Louis, 130 Mo. 284; Baldwin v. Springfield, 141 Mo. 205; Products Co. v. St. Louis, 246 Mo. 461.

## STATEMENT.

Plaintiff sues to quiet title to certain streets and alleys in North St. Louis, to which he has obtained quitclaim deeds from the adjoining proprietors. The petition alleges that plaintiff is the owner in fee simple title by the adverse possession thereof for fifty-seven years, of the lands in question, describing them, and adds that the city of St. Louis claims some title or interest in the property as an easement for street and alley purposes under two duly recorded plats, one executed by George Buchanan, August, 1852, and the other by the commissioners in an amicable partition between the heirs of George Buchanan in January, 1866. The answer set up dedication of the lands and their use as public highways by the defendant city. The reply alleged that whatever easement the city had acquired it had lost by abandonment and nonuser and adverse possession of the plaintiff as alleged in his petition.

On the trial the evidence showed that the dedication made by George Buchanan in the plat referred to in plaintiff's petition was in conformity with the statutory requirements. The evidence also disclosed that upon the death of George Buchanan, the remainder of his estate was amicably partitioned between his heirs, and that the report of the commissioners who affected the partition, together with a plat thereof, on which was designated the respective allotments of the land divided by them, and also the streets and alleys laid

off by them under their authority to act as commissioners, was duly recorded in the recorder's office of the city of St. Louis. That upon the filing of this plat the heirs perfected their partition by exchanging deeds wherein the property was described as being bounded by the streets and alleys marked and designated on the plat and referred to as such in said deeds. The said report and the plat marked "A" accompanying it was filed for record in 1866. The evidence further showed that prior to the partition amongst the heirs of George Buchanan, a partnership, of which the original plaintiff, Christian F. Liebke, was a member, held a lease upon the lands made by the executors of George Buchanan, who died in 1852, under the terms of a will empowering them to make a sale or other disposition of his property. Said lease was dated July 24, 1857, and ran for nine years, and described the property in question and demised it "excepting the streets and alleys which are, or hereafter may be, laid out through said premises." It was these leased premises which were subsequently partitioned among the heirs. The testimony also disclosed that the streets and alleys laid off in the plat prepared by the commissioners and designated thereon have never been taxed by the city of St. Louis since the filing of their report, and that Kenneth street, later named Hall street, and one of the streets included in Plat "A," was improved by the city and by ordinance, and upon condemnation proceedings widened, and has been used as a public street for many years. Plaintiff gave evidence as to the nature and length of the possession taken by him under the aforesaid lease to his firm and the subsequent acquisition by him of quitclaim deeds to the streets and alleys described on the commissioner's plat, marked "A."

The testimony as to the possession of the plaintiff tended to show that it began in August, 1857, under the lease of that date. That it was manifested by a

264Mo41

fence enclosing the property, as a part of a large tract of ground upon which a sawmill plant was located; that the said sawmill plant was erected by the firm of which he was a member immediately after the execution of the lease to them; that the tract of land at that time was situated so as to be subjected to the overflow of the river on the south side, but was somewhat higher on the north side where the sawmill was erected. That plaintiff used the submerged portion of the land to bring down floats from the upper waters of the river, containing rafts of logs which would be carried as close up towards the mill as the water would permit, and there anchored until the waters receded, leaving them resting on the ground. That on other portions of the premises stables, two houses and other structures needed by the firm were located; that the fencing of the ground continued until 1885 or thereafter; that the sawmill was destroyed in 1890 and replaced by another which was built without reference to the streets and alleys designated on plat "A;" that C. F. Liebke, the original plaintiff, acquired the interest of his co-partners in the firm to which the lands had been leased by the executors of George Buchanan. The evidence further tended to show that the tract of land when leased to plaintiff in 1857 was practically a swamp, and that at the time the commissioners' plat was made in 1866 the streets and alleys appearing thereon were from twenty-five to thirty feet below the grade of Second street. At the time of the trial the land in question by accretions and aided by filling in on the part of the plaintiffs has been brought up to the grade of Second street, and was a valuable property adapted to the uses of lumber yards.

For the city there was also evidence tending to show a request subsequently withdrawn by the plaintiff for an ordinance vacating the streets and alleys described on the commissioners' plat and other documen-

tary evidence bearing on the use and the acceptance of such streets and alleys by the defendant city.

Upon the conclusion of the testimony the trial court rendered a judgment dismissing plaintiff's suit, from which an appeal was taken to this court. Pending the appeal, the original plaintiff died, and the cause has been revived in the names of his testamentary trustees.

## OPINION.

## I.

BOND, J. (After stating the facts as above.) — The pleadings and proof in this case require an application of the law governing the right of a city to acquire streets and alleys by a statutory and a non-statutory dedication and of the rule relating to the effect upon such titles of adverse possession for the period of ten years.

**Dedication of Street.**

The dedication of so much of his estate as was shown on the properly executed, acknowledged and recorded plat made by George Buchanan in his lifetime was in strict statutory form and vested title to the streets and alleys therein designated, without any act on the part of the city and was thereafter irrevocable by the dedicator or his heirs. The estate thus conveyed was a public easement in the land shown by the plat to be set apart for streets and alleys, the beneficial ownership to the center of the streets remaining in the abutting owner. [R. S. 1909, sec. 10294; Union Elevator Co. v. K. C. Suburban Belt Ry. Co., 135 Mo. l. c. 366; Thomas v. Hunt, 134 Mo. l. c. 403; Snoddy v. Bolen, 122 Mo. l. c. 491.]

About nine years after the death of George Buchanan, the remainder of his lands not included in the plat executed in his lifetime and which had been leased by his executors, were subdivided and platted by certain commissioners appointed to partition them by his

heirs, so that the respective allotments should be bounded by certain streets and alleys which should be dedicated to the city. This plat, though not acknowledged, was duly recorded as required by law. It was therefore a common law or a non-statutory dedication just as efficacious as a statutory dedication would have been, provided it was accepted by the city in any of the ways recognized by law, or provided the owners by any acts having that effect have estopped themselves to question the dedication. [Whyte v. St. Louis, 153 Mo. l. c. 90; Railroad v. Baker, 183 Mo. l. c. 322; Buschmann v. St. Louis, 121 Mo. 523; Heitz v. St. Louis, 110 Mo. l. c. 624; Thurston v. St. Joseph, 51 Mo. l. c. 512; City of Hannibal v. Draper, 15 Mo. l. c. 640; Baker v. Squire, 143 Mo. l. c. 98; Baker v. Squire, 77 Mo. App. l. c. 332.]

In this case there was evidence tending to show that the city accepted the dedication of the streets and alleys marked in the unacknowledged plat, by omitting them entirely from any assessment for taxes and by taking charge of one of the streets—Kenneth street, designated on said Plat "A"—and improving it under ordinance passed for that purpose, changing its name and causing it to be widened by a condemnation proceeding; that all of the maps denoting the official highways of the city have included the streets and alleys mentioned set apart in Plat "A" as is shown by the records of the office of the Board of Public Improvements and the street commissioner.

The evidence further disclosed that immediately upon the filing of the report of said commissioners in partition, the heirs of George Buchanan executed deeds *inter sese,* describing the lands by the boundaries afforded by the streets and alleys, set out on said plat. Under these circumstances, we conclude that the dedication of the street in said plat "A" was complete, both as to the heirs of George Buchanan and the city, and vested a public easement in such property just as

much as if said plat had been duly acknowledged before it was recorded.

## II.

This leaves for discussion the point made by appellants that the evidence for plaintiff disclosed an adverse possession by him, beginning prior to August 1, 1866, when the statute, excepting lands devoted to public use from the Statute of Limitations, became operative (Johnson v.

**Street: Limitations.**

Rasmus, 237 Mo. l. c. 592), which ripened into a fee simple title to the streets and alleys in question. In determining that question, it must be borne in mind that the instant case is one at law, for though brought under section 2535 it is predicated upon the assertion of a legal title in fee simple to the property described in the petition, and there is nothing in the answer or the relief asked therein which converts it into an action in equity. [Toler v. Edwards, 249 Mo. l. c. 159, and cases cited.]

Plaintiffs' claim of title by the Statute of Limitations, or by abandonment, if available at all, presented issues properly triable by jury. [Kansas City v. Smith, 238 Mo. 323.] Furthermore, it is conceded by the learned counsel for appellants, and such is the law, that no rights or title accruing from adverse possession could accrue to plaintiff (appellants) unless plaintiff began an actual, open, and notorious possession of the streets and alleys in dispute under a *claim of ownership prior* to the 1st of August, 1866, when the statute was enacted, which prevented the running of the Statute of Limitations upon adverse possession against the defendant city. The evidence adduced by appellants in support of their contention relates to the occupancy and enclosure of some of the property under a lease made to a partnership of which the original plaintiff was a member in 1857. Both that lease and

the subsequent deeds which plaintiff obtained from the coparceners after the municipal partition recognized the existence, present and future, of the streets laid out on the plat and the dedication made in the lifetime of George Buchanan, and those designated on the plat made by the commissioners in partition after his death. That circumstance was proper for consideration by the trier of the facts in passing upon the issue as to adverse possession, as was also the fact that said land was never taxed by the city and that an ordinance was presented to the city for the vacation of these streets which appellant testifies was withdrawn at his request. The credibility and weight to be given testimony as to adverse possession was peculiarly a matter within the determination of the trial judge sitting as a jury. No instructions were asked or given in this case. Nor any exceptions interposed during the course of the trial, which are presented for review. In such cases we cannot substitute our theory of the weight of the evidence and the credibility of the witnesses for that of the trier of the facts, and must sustain his findings, if reasonably justified by any rules of law applicable to the pleadings and evidence. [Scarritt Estate v. Casualty Co., 166 Mo. App. l. c. 570.] He has made his finding on the issues against the appellant, and under this record it is not subject to review by us. The result is, that the judgment for defendant is affirmed. All concur.