MISSOURI GAS AND ELECTRIC SERVICE COMPANY, A CORPORATION, RESPONDENT, v. REA AND PAGE MILLING COMPANY, A CORPORATION, APPELLANT.*

Kansas City Court of Appeals.    February 1, 1926.

1.—Appeal and Error—Where Record Does Not Show on What Theory Case Was Decided, Judgment Will Be Sustained Unless Wholly Unsupported by Any Reasonable Theory Presented by Pleadings and Evidence. Where there is nothing in the record to indicate upon what theory trial court decided case, no declaration of law or finding of fact requested or given, judgment will be sustained, unless wholly unsupported by any reasonable theory presented by the pleadings and evidence.

2.—Same—Trier of Fact Has Right to Disbelieve Testimony Even if Not Contradicted. If the trial court took view that defendant's testimony was not convincing, then its finding is conclusive upon appellate court, the trier of fact having the right to disbelieve defendant's testimony even if it is not contradicted.

3.—Evidence—Where Burden of Proof Was on Defendant, He Could Not Invoke Rule That Fact Peculiarly Within Knowledge of One Party Must Ordinarily be Established by Him. Burden of proof as to whether there was an actual measurement of maximum demand made for electricity being upon defendant, he was not in position to invoke rule that fact peculiarily within knowledge of one party must ordinarily be established by him.

---

*Corpus Juris-Cyc. References: Appeal and Error, 4CJ, p. 656, n. 21 New; p. 657, n. 37; p. 658, n. 38, 40; p. 700, n. 39; p. 701, n. 49; p. 848, n. 35, 36; p. 850, n. 51; Evidence, 22CJ, p. 68, n. 43; p. 81, n. 42: Trial, 38Cyc, p. 1957, n. 33.

Appeal from the Circuit Court of Pettis County.—Hon. Dimmitt Hoffman, Judge.

AFFIRMED.

*Harvey & Bellamy* for respondent.

*R. H. Duggins* and *Alf F. Rector* for appellant.

BLAND, J.—This is a suit on an account stated to recover for electricity furnished by plaintiff and used by defendant. The amount claimed to be due to plaintiff was not disputed by the defendant. However, defendant filed a counterclaim seeking to recover for alleged overcharges paid by it to plaintiff for electricity consumed. The case was tried before the court without the aid of a jury. At the conclusion of the testimony the court rendered judgment in favor of plaintiff, both on plaintiff's cause of action and defendant's counterclaim, and defendant appealed to this court where the judgment of the trial court was reversed and the case remanded. Plaintiff applied to the Supreme Court for a writ of *certiorari* which was issued, and the Supreme Court quashed our opinion. [See State ex rel. Missouri Gas & Electric Service Co. v. Francis H. Trimble et al., 271 S. W. 43, where a statement of the facts will be found.] The case has been re-argued in this court and again submitted to us for a decision.

Defendant states that in view of the holding of the Supreme Court the only question to be determined is "did the service company actually measure the demand charge;" that the rate on file with the Public Service Commission under which it is claimed the charge was authorized does not permit plaintiff to change the charge from a flat rate fixed by the contract at seventy-one kilowatts to a flat rate fixed by plaintiff at eighty-six kilowatts, it only gave the company the right to change the demand charge by actual monthly measurements. It is also claimed that the trial court has never had an opportunity to try this issue.

Defendant differs as to what is to be decided and calls our attention to the record which shows that some months after the electrical apparatus was installed in defendant's mill, the load was increased by additional installations before the increase charges were made, and defendant did not show that the amount of the increased load was less than the difference between seventy-one kilowatts and the eighty-six kilowatts for which plaintiff charged. So that, regardless of the question of measurement, the burden was upon plaintiff to show that neither by the rated horse-power method nor by the measurement method would the maximum demand amount to as much as eighty-six kilowatts; that defendant failed to meet this burden.

However, accepting defendant's theory as to what is now before this court, we are not able to agree with it that this cause should be reversed and remanded. Defendant points out that there is testimony in the record, in addition to that of W. G. Rea mentioned in the opinion of the Supreme Court, tending to show that there was no actual measurement of the maximum demand. In this connec-

tion defendant directs our attention to Rea's testimony that when the increase was first made, he went to the power engineer and asked him why the change was made and his answer was "because the company needed the money." The power engineer did not say that an actual measurement of the maximum demand showed eighty-six kilowatts instead of seventy-one kilowatts. Defendant also points out that for thirty-three months after defendant started to use the electricity there was no difference whatever in the monthly demand charge made. Summing up the testimony, defendant says "appellant urges that the testimony of the power engineer and the further undisputed fact that for thirty-three months, each month, there was no change whatever in the demand charge." Of course, all this was a question for the court sitting as a jury. In the first place he was not required to believe that the engineer made the statement attributed to him by Rea. It goes without saying that because for thirty-three months there was no difference whatever in the monthly demand charge made, as shown by the bills rendered defendant by plaintiff, does not conclusively prove that there was no actual measurement of the demand charge subsequent to that time and for the period for which defendant sues for alleged overcharges.

Defendant points out the following language used by the Supreme Court, l. c. 47—

"If the trial judge took the view that there was no substantial testimony tending to show that the maximum demand was not measured and the respondents held to the contrary, respondents had no right to usurp the function of the trier of the facts and make the finding they did make. The only thing which an appellate court may do under such circumstances is to reverse the judgment and remand the case to give the trier of the facts an opportunity to _weigh_ the evidence."

There is nothing in the record to indicate upon what theory the trial court decided the case. No declaration of law or finding of fact was requested or given. Under such circumstances it is our duty to sustain the judgment unless we find it wholly unsupported by any reasonable theory of the case presented by the pleadings and evidence. [Scarritt Estate Co. v. Casualty Co., 166 Mo. 567, 570; Hatton v. City of St. Louis, 264 Mo. 634; Weber Engine Co. v. Leyrach, 262 S. W. 457; Cromwell-Spencer Lumber Co. v. Hill, 242 S. W. 427.] If the trial court took the view that defendant's testimony tending to show that there was no actual measurement of the maximum demand, was not convincing, then its finding is conclusive upon this court. The trier of the fact had the right to disbelieve this testimony even if it is not contradicted. [State v. Trimble, supra, l. c. 47.] If it is necessary to sustain the decision of the trial court to hold that this was the view the trial court took of the testimony,

then we must so hold under the authority of the cases we have cited. There is certainly nothing in the record showing that the trial court was under the obligation to find, as the trier of the fact, that there was no actual measurement of the maximum demand made, and we would not be justified under the circumstances in remanding the cause in order to give the trial court an opportunity to weigh the evidence on this subject.

Defendant contends that what now appears, since the decision of the Supreme Court, to be the real issue in the case, was never passed upon by the lower court for the reason that the position taken by plaintiff at the trial misled the trial court as to that issue. The record does not bear this out. The court permitted defendant to introduce all the testimony it desired on the question as to whether there was an actual measurement of the maximum demand. If the issue was not given more prominence at the trial, it was on account of the neglect of the defendant. A point is made that the information as to whether there was an actual measurement of the maximum demand was in possession of the defendant. Defendant is hardly in position to invoke the rule that a fact peculiarly within the knowledge of one party must ordinarily be established by him, in view of the fact that the Supreme Court in this case has stated that the burden of proof on this point was on defendant.

The judgment is affirmed. *Arnold, J.,* concurs; *Trimble, P. J.,* absent.