**STATE ex rel. Billie BARKER, Trustee of the Mary Almond Living Trust, Relator,**

v.

**The Honorable David B. TOBBEN, Respondent.**

No. SC 90407.

Supreme Court of Missouri, En Banc.

April 20, 2010.

Stanley D. Schnaare, Steven A. Waterkotte, The Schnaare Law Firm P.C., Hillsboro, for relator.

William L. Sauerwein, Sauerwein, Simon & Blanchard P.C., St. Louis, for Gloria Kappler.

RICHARD B. TEITELMAN, Judge.

Billie Barker, as successor trustee of the Mary Almond Living Trust, has filed a petition for a writ of prohibition to prevent the trial court from denying her request for a jury trial in the underlying quiet title action. A preliminary writ was issued. The preliminary writ is made permanent.

## FACTS

Gloria Kappler, as trustee of the Gloria J. Kappler Living Trust, filed suit against Barker to quiet title with respect to property titled to the Mary Almond Living Trust. Kappler's quiet title action was premised on claims of adverse possession and boundary by acquiescence. Kappler requested relief in the form of a decree of ownership, a survey of the property and an order ejecting the record owners from the property.

Barker filed a counterclaim for quiet title, injunctive relief, ejectment, trespass, conversion and punitive damages.[1] Barker requested a jury trial. Kappler objected to a jury trial on the ground that her quiet title action was equitable in nature. Kappler also waived her right to a jury trial and filed a motion to sever her quiet title action from Barker's counterclaim for trespass.

The circuit court sustained Kappler's objections to Barker's request for a jury trial. The court entered an order severing Kappler's quiet title claims from Barker's counterclaims, but providing for a jury trial on the issue of damages in the event Barker prevailed.

---

1. The trial court sustained Kappler's motion to dismiss the conversion claim.

Barker filed a petition for a writ of prohibition to prevent the court from enforcing the order denying her request for a jury trial on Kappler's quiet title action. This Court entered a preliminary writ in prohibition instructing the trial court to refrain from further action until further notice. Barker argues that the circuit court's order violates her state constitutional right to a jury trial on legal claims.

## ANALYSIS

A writ of prohibition will issue to prevent "an abuse of judicial discretion, to avoid irreparable harm to a party, or to prevent an abuse of extra-jurisdictional power." *State ex rel. Kinder v. McShane*, 87 S.W.3d 256, 260 (Mo. banc 2002). A writ in prohibition is appropriate when a trial court improperly denies the right to a trial by jury. *State ex rel. Leonardi v. Sherry*, 137 S.W.3d 462, 473 (Mo. banc 2004).

The Missouri Constitution provides that "the right of trial by jury as heretofore enjoyed shall remain inviolate." MO. CONST. art. I, section 22(a).[2] The right to a jury trial in a civil action "exists in actions at law but not in actions at equity." *State ex rel. Diehl v. O'Malley*, 95 S.W.3d 82, 85 (Mo. banc 2003). In *State ex rel. Leonardi v. Sherry*, 137 S.W.3d 462, 473 (Mo. banc 2004), this Court recognized that some cases present mixed issues of law and equity. In those cases, trials should be conducted to allow the legal claims to be tried to a jury, with the court reserving for its own determination only equitable claims and defenses, which it should decide consistently with the factual findings made by the jury.

Under *Diehl* and *Leonardi,* the dispositive issue becomes whether Kappler's action to quiet title via claims of adverse possession and boundary by acquiescence are legal or equitable in nature. If Kappler's petition asserts legal claims against Barker, then Barker is entitled to a jury trial on those claims.

Section 527.150 governs actions to quiet title and authorizes relief under both legal and equitable principles. A quiet title action is generally considered legal in nature when parties seek only a determination of title and there is no specific request for equitable relief. *Massachusetts General Life Ins. Co. v. Sellers*, 835 S.W.2d 475, 482 (Mo.App.1992). In *Sellers,* the plaintiff filed an action to quiet title under section 527.150, and the defendants counterclaimed for adverse possession. *Id.* at 476. The trial court entered a judgment quieting title in favor of the plaintiff. *Id.* at 477. On appeal, the defendants asserted that the judgment constituted equitable relief that was beyond the scope of the pleadings. *Id.* at 482. The court held that a quiet title judgment is a legal remedy when the judgment does not set aside any deed or instrument and the relief granted is "only a determination of the existing title as between litigants." *Id.* at 483; see also *Erwin v. City of Palmyra*, 119 S.W.3d 582, 586–86 (Mo. App.2003)(a quiet title action is an action at law when there is no request for affirmative equitable relief and the issue is a determination of the existing title as between litigants).

Kappler's claim for quiet title is based upon adverse possession and boundary by acquiescence and does not state a claim for

**2.** The right to jury trial has existed in what is now Missouri since the United States acquired jurisdiction over the Louisiana Territory. *Diehl*, 95 S.W.3d at 85. The common law right to a jury trial could be invoked upon the request of either party. *Id.* The state constitutional right to a jury trial carried forward the common law rights. Accordingly, Barker can assert her right to a jury trial on any legal claim pleaded by Kappler.

equitable relief. Missouri courts have classified adverse possession claims as legal in nature. For instance, in *Benoist v. Thomas*, 121 Mo. 660, 27 S.W. 609 (1894), the plaintiff filed an action to partition a lot. The circuit court denied the defendant's motion for a jury trial. Although the case was pleaded under a theory of partition, "[t]he issue of that trial depends upon controverted facts, or at least controverted inferences, touching the question of adverse possession." *Id.* at 610. The court determined that the underlying title dispute was, in essence, a legal claim for adverse possession and that the disputed facts necessary to support that legal claim should be tried to a jury. *Id.* Therefore, the circuit court erred in denying the defendant a jury trial on plaintiff's claim for partition based upon adverse possession. *Id.*

Similarly, in *Hatton v. City of St. Louis*, 264 Mo. 634, 175 S.W. 888 (1915), the plaintiff sued to quiet title to certain streets and alleys in the city of St. Louis. The plaintiff's evidence "disclosed an adverse possession by him." *Id.* at 890. The court recognized that the plaintiff's claim of title by adverse possession presented issues subject to a jury trial. *Id.*

Finally, in *McDaniels v. Cutburth*, 270 S.W. 353 (Mo.1925), the plaintiff filed a petition to eject the defendant from occupying a strip of land. The defendants asserted title to the property via adverse possession. The jury returned a verdict for the defendants. *Id.* at 357. In stating the appropriate standard of review for a jury verdict, the court noted that "it is scarcely necessary for us to remark that this is an action at law, and it necessarily follows that the issue of defendants' adverse possession of the land in controversy for more than 10 years was properly triable by, and for the sole determination of, the jury." *Id.* Together, *Benoist, Hatton* and *McDaniels* stand for the proposition that an action to quiet title via adverse possession is a legal claim subject to the state constitutional right to a jury trial.[3]

According to the pleadings in this case, both parties request that the circuit court determine which party has title to the disputed property. To the extent the pleadings seek only a determination of title, the quiet title action in this case, like the actions in *Sellers, Benoist, Hatton* and *McDaniels*, properly is characterized as legal and not equitable. Consequently, article I, section 22(a) of the Missouri Constitution demands a jury trial on all claims pertaining to the determination of title to the disputed property.[4]

It must be noted that Barker's counterclaim included a request for injunctive relief. Injunctive relief is equitable in nature. *State ex rel. Ellis v. Creech*, 364 Mo. 92, 259 S.W.2d 372, 374 (Mo. banc 1953); *Supermarket Merch. & Supply, Inc. v. Marschuetz*, 196 S.W.3d 581, 585

---

3. Kappler relies on *Wolfersberger v. Hoppenjon*, 334 Mo. 817, 68 S.W.2d 814 (1933), to argue that a quiet title action is equitable in nature. *Wolfersberger* is distinguishable because the defendants in that case claimed title based on deeds that the plaintiff alleged were void and without effect. *Id.* at 816. Therefore, the petition in *Wolfersberger* sought to "set aside deeds and remove a cloud on [plaintiff's] title—a matter of equitable cognizance." *Id.* at 818. Conversely, the pleadings in this case, as in *Benoist, Hatton* and *McDaniels*, are premised on adverse possession, not a determination of the priority of allegedly valid deeds or titles. *Wolfersberger* does not support Kappler's position.

4. Kappler's request for a survey and ejectment do not change the analysis. In the event Kappler prevails, a survey would do nothing more than confirm the accuracy of the quiet title decree. Ejectment is a legal remedy. *State ex rel. Dowd v. Turpin*, 576 S.W.2d 754, 755 (Mo.App.1979).

(Mo.App.2006). Although Barker is entitled to a jury trial on Kappler's quiet title claims as well as her own counterclaim for trespass, the trial court, if necessary, may elect to hold a separate proceeding on Barker's request for injunctive relief. However, the resolution of that claim must be consistent with the jury's factual findings. *Leonardi,* 137 S.W.3d at 473.[5] The preliminary writ of prohibition is made permanent.

All concur.

**5.** As noted in *Leonardi,* special interrogatories to the jury may be used. 137 S.W.3d at 473 n. 14. See also Jeffrey A. Burns, *Methods of* Practice, 2 Missouri Practice section 10.1, at 344 (2002).