OBERMILLER CONSTRUCTION
SERVICES, INC., Appellant,

v.

PUBLIC WATER SUPPLY DISTRICT
NO. 5 OF CASS COUNTY,
Respondent.

No. WD 70901.

Missouri Court of Appeals,
Western District.

Sept. 14, 2010.

Charles E. Weedman, Harrisonville, for Appellant.

Gerard Eftink, Raymore, for Respondent.

Before Division Two: JOSEPH M. ELLIS, Presiding Judge, ALOK AHUJA, Judge and KAREN KING MITCHELL, Judge.

JOSEPH M. ELLIS, Judge.

Obermiller Construction Services, Inc. ("OCS") appeals from a judgment entered in the Circuit Court of Cass County awarding OCS $61,095.98 on its petition for damages against Public Water Supply District No. 5 of Cass County ("PWSD #5") and awarding $125,000.00 in liquidated damages and $20,000.00 in attorney's fees to PWSD #5 on its counter-claim for liquidated damages. For the following reasons, the judgment is affirmed.

On September 30, 2003, OCS and PWSD #5 entered into a contract under which OCS agreed to construct certain water lines in Cass County. During the course of building those water lines, OCS encountered rock that needed to be removed. After removing the rock, OCS attempted to charge PWSD #5 additional fees for the removal of the rock. PWSD #5 refused to pay the additional sum because OCS had assumed the risk of any rock removal under the provisions of the contract. On November 4, 2005, OCS filed a petition for breach of contract and damages. Subsequently, PWSD #5 filed its answer and counter-claim for liquidated damages. The petition, answer, and counterclaim were all eventually amended prior to trial.

OCS's amended petition, upon which the case was eventually tried, alleged four counts. The first count asserted a claim for damages based upon breach of contract claim. The second count asked for reformation of the contract between the parties based upon mutual mistake as to the amount of rock that would need to be removed to complete the project. The third count sought rescission of the contract based upon unilateral mistake by OCS as to the amount of rock removal involved in the project. In the final count,

OCS requested an award in *quantum meruit* for the work performed.

Prior to trial, the trial court determined that the second and third counts requesting equitable relief should be tried to the court prior to the first and fourth counts being submitted to a jury. OCS objected to that ruling and asked that all of its claims be tried to the jury. The trial court overruled OCS's objection. After the second and third counts were tried to the court, on August 7, 2008, the Court entered judgment in favor of PWSD # 5 on those counts and set the remaining counts for jury trial. Subsequently, both parties waived jury trial on the remaining issues, and the remainder of the case was tried to the court. On March 20, 2009, the trial court entered its Memorandum, Order and Judgment. The court found in favor of PWSD # 5 on the first three counts of OCS's petition but found in favor of OCS on its quantum meruit claim and awarded OCS $61,095.98 on that claim. The court found in favor of PWSD # 5 on its liquidated damages claim and awarded PWSD # 5 $125,000.00 in damages and $20,000.00 in attorney's fees.

In its sole point on appeal, OCS claims the trial court denied OCS its right to jury trial by requiring the second and third counts of its petition to be tried to the court. OCS argues that, because the ultimate goal of its petition was to obtain a monetary award, the remedy sought was at law and a jury trial was required.

"The Missouri Constitution provides that 'the right of trial by jury as heretofore enjoyed shall remain inviolate.'" *State ex rel. Barker v. Tobben,* 311 S.W.3d 798, 800 (Mo. banc 2010) (quoting *Mo. Const. art. I, § 22(a)* ). In civil cases, however, "the right to trial by jury attaches only to actions at law for which damages may be awarded, but not to suits in equity." *Nitro Distrib., Inc. v. Dunn,* 194 S.W.3d 339, 352 (Mo. banc 2006). Where cases involve mixed issues of law and equity, the legal claims should be tried to a jury and the equitable claims and defenses should be tried to the court. *Barker,* 311 S.W.3d at 800. The trial court should decide the equitable claims consistently with the jury's factual findings relevant to the claim. *Id.* "The trial court has discretion to try such cases in the most practical and efficient manner possible, consistent with Missouri's historical preference for a litigant's ability to have a jury trial on claims of law." *State ex rel. Leonardi v. Sherry,* 137 S.W.3d 462, 473 (Mo. banc 2004).

Given the claims that were asserted in OCS's amended petition, the circumstances in this case clearly dictated that the most practical manner in which to try the case was the one adopted by the trial court. In its second count, OCS asked the trial court to reform the contract based on mutual mistake. In its third count, OCS asked the trial court to allow rescission of the contract based upon unilateral mistake. " 'Reformation of a written instrument is an extraordinary equitable remedy....'" *Ethridge v. TierOne Bank,* 226 S.W.3d 127, 132 (Mo. banc 2007) (quoting *Morris v. Brown,* 941 S.W.2d 835, 840 (Mo.App. W.D.1997)). Likewise, "rescission is ... an equitable remedy, and ... the unilateral mistake doctrine balances the equities." *Nitro Distributing,* 194 S.W.3d at 349. Thus, both reformation based upon mutual mistake and rescission based upon unilateral mistake are equitable remedies. Indeed, these are extraordinary equitable remedies that "should be granted with great caution and only in clear cases of fraud or mistake." *Alea London Ltd. v. Bono–Soltysiak Enters.,* 186 S.W.3d 403, 415 (Mo.App. E.D. 2006). "Equitable issues that traditionally have been tried to the court shall still be

tried to the court." *Leonardi,* 137 S.W.3d at 474. The fact that reformation or rescission, if either of these equitable remedies were granted, might make it easier for OCS to recover under its breach of contract or *quantum meruit* claims does not somehow convert these equitable claims into legal ones as asserted by OCS. OCS asked the court to use its equitable powers to rewrite (reform) or entirely erase (rescind) the contract. Accordingly, count's two and three of OCS's petition asserted equitable claims properly tried to the court. Furthermore, until it was determined whether either of these equitable remedies would be granted, the merits of OCS's breach of contract and *quantum meruit* claims, and of PWSD # 5's counterclaim, could not be assessed by the jury.

The trial court did not err in denying OCS's request that its reformation and rescission claims be tried to a jury. Point denied.

The judgment is affirmed.

All concur.