HURLEY N. HENDERSON et al., Respondents, v. JOHN TREADWAY et al., Appellants.

St. Louis Court of Appeals, February 2, 1915.

APPEALS: Appealable Orders: Interlocutory Orders. Where, in a suit for an accounting of a trust fund and the ascertainment of the rights of the parties to the fund, the trial court ordered the trustee to pay to the clerk of the court a specified sum, subject to the further orders of the court, and continued the case, an appeal by aggrieved parties was premature,. because of the absence of a final judgment; the order appealed from not being an interlocutory order or judgment from which an appeal will lie under Sec. 2038, R. S. 1909.

Appeal from Pike Circuit Court.—*Hon. B. H. Dyer,* Judge.

APPEAL DISMISSED.

*F. J. Duvall* and *Pearson & Pearson* for appellants.

*R. L. Sutton, D. A. Ball* and *Hostetter & Haley* for respondent.

ALLEN, J.—One Washington Treadway, by his last will and testament, admitted to probate by the probate court of Pike county, Missouri, on September 2, 1875, created a trust in favor of his daughter, Phoebe E. Henderson, and her bodily heirs. That is to say, the said testator provided that a certain fund be held by a son as trustee, and that the interest thereon be applied to "the special use, benefit and comfort," of his said daughter during her natural life, and that "if necessary for her comfort a portion of the principal" might be used; whatever remained at her death to be equally divided between her children as they arrived at lawful age.

It appears that Phoebe E. Henderson died in February, 1912, leaving surviving her seven children and the descendants of two deceased children. The suit is prosecuted by said children, and the descendants of the deceased children of Phoebe E. Henderson, against the trustee and certain other defendants who it is averred claim some right or title to portions of said trust fund adversely to the plaintiffs. The petition prays for an accounting as to said trust fund; that the court ascertain and determine the rights of the parties to the suit therein, and order the trustee to pay out the same in accordance with the respective rights of the parties; and that the court decree that the defendants have no rights or interests in the fund. And the plaintiffs pray for judgment against the trustee; that the said trust be determined and ended; and for general relief.

The defendants, other than the trustee, by their answers assert title to the interests of certain of the chil-

dren of Phoebe E. Henderson in and to the trust fund, under and by virtue of certain assignments or convey· ances thereof made by such children during the lifetime of their mother, Phoebe E. Henderson.

The record states that upon a trial of the issues the court ''returned the following findings, and entered them as follows:'' Then follow certain findings of fact which need not be stated. The court then finds that the trustee has faithfully managed the trust and discharged his duties as trustee; that certain expenses are lawfully chargeable against the trust fund, leaving a balance of $1681.41 in the hands of the trustee. The court then makes its findings as to the interests of the respective parties in the trust fund, finding that certain defendants have title to the interests of certain children of Phoebe E. Henderson therein, said children having conveyed the same after they became of age; but finding that three children of Phoebe E. Henderson, who had likewise conveyed their interests, were minors at the time they executed such conveyances, and that the defendants claiming thereunder are not entitled to participate in the trust fund. The record then states:

''It is therefore ordered by the court that the said trustee pay to the clerk of the circuit court of Pike county the sum of $1681.41, on or before the 10th day of December, A. D. 1912, subject to the further orders of this court, and this cause is continued.''

Thereupon the defendants other than the trustee, after filing motions for new trial, which were overruled, prosecuted their appeal to this court.

It is quite evident that no final decree was entered in the case. After stating its findings the court merely ordered the trustee to pay the fund into court, and continued the cause which is still pending in the circuit court of Pike county. No final judgment was entered, and there is nothing from which an appeal may be prosecuted. There is here no interlocutory order

or judgment from which an appeal will lie under section 2038, Revised Statutes 1909. And except in the cases mentioned in that section, there must be a final judgment entered in the cause, adjudicating the rights of the parties, before an appeal will lie. The appeal was therefore prematurely taken. [See Reineman v. Larkin, 222 Mo. 156, 121 S. W. 307; City of St. Joseph v. Halsey, 159 Mo. App. 359, 140 S. W. 639.]

The questions which are here sought to be reviewed may be determined on appeal when a final judgment has been duly entered in the cause.

The appeal is therefore dismissed. *Reynolds, P. J.,* and *Nortoni, J.,* concur.