Carrie ANDERSON, Enola Lohr, C. Y. Trowbridge, Neil Stebbins, Irvin Trowbridge, and Hattie Trowbridge, Respondents,

v.

Mary O. METCALF, Appellant.

No. 45826.

Supreme Court of Missouri,
Division No. 1.

April 8, 1957.

Josephine Myers, Kansas City, for appellant.

Jack N. Bohm, Kansas City, for respondents.

HOLMAN, Commissioner.

In this equitable action plaintiffs in the first count of their amended petition sought to have a deed, which conveyed certain real estate to defendant, declared void and set aside because not delivered to the grantee during the lifetime of the grantor. The second count of said petition prayed for an accounting for the rental value of the portion of the premises occupied by defendant

and for all rents collected by her after March 6, 1952, the date of the death of grantor. The cause was tried and the court entered a judgment which decreed that the deed was void and ordered the accounting as prayed for. Defendant's motion for new trial was overruled and she has duly appealed.

Since we have determined that the appeal is premature and must therefore be dismissed, a brief recital of the facts will suffice.

For many years prior to his death on March 6, 1952, Luis Trowbridge was the owner of the house and lot located at 2310 Van Brunt Boulevard in Kansas City, Jackson County, Missouri. His daughter, defendant Mary O. Metcalf, has lived in the property since 1927. Decedent was survived by five other children who are the plaintiffs herein. Hattie Trowbridge, his widow, the stepmother of the other parties, also joined as a plaintiff.

On February 5, 1947, Luis and Hattie Trowbridge lived in Ava, Missouri. Upon that date they executed and acknowledged a warranty deed which purported to convey the property in question to defendant. A short time thereafter Luis placed that deed in his safe deposit box (at an Ava bank) where it remained until after his death. Hattie Trowbridge took the deed out of the box on March 14, 1952, and mailed it to defendant who filed it for record on March 17, 1952.

As we have indicated, the judgment of the trial court (1) declared the deed void, (2) found that each of the six children of Luis became vested with a one-sixth interest in the instant property subject to the right of dower in his widow, Hattie, ·(3) ordered an accounting by defendant from March 6, 1952, as to the rents collected and the value of the use of the property, (4) referred the cause to Albert Yonke as referee to take such accounting, and (5) provided that upon the filing of the report of the referee, and its approval by the court,

the amounts found to be due plaintiffs from the defendant should be a lien upon the defendant's interest in the property. There is nothing in the record to indicate that the accounting has been taken or that any further order has been made by the court in relation thereto.

■ Although the issue has not been raised by plaintiffs, we consider it our duty to determine whether a final, appealable judgment has been entered in this cause. Pizzo v. Pizzo, Mo.Sup., 295 S.W.2d 377.

■ The right of appeal is purely statutory. It is provided in Section 512.020 (all statutory references are to RSMo 1949, V.A.M.S.) that an appeal may be taken "from any final judgment in the case." A judgment is defined in Section 511.020 as "the final determination of the right of the parties in the action." A final, appealable judgment is ordinarily one which disposes of all parties and all issues in the case. State ex rel. State Highway Commission v. Hammel, Mo.Sup., 290 S.W.2d 113. This has been said to mean a disposition of all issues raised by the pleadings. For example, a judgment on a plaintiff's claim which does not also dispose of a counterclaim is not final. Bennett v. Wood, Mo. Sup., 239 S.W.2d 325. Likewise, a judgment on one count is not final where there has been no disposition of the remaining counts of the petition. Magee v. Mercantile-Commerce Bank & Trust Co., 339 Mo. 559, 98 S.W.2d 614; Russell v. St. Louis & Suburban Ry. Co., 154 Mo. 428, 55 S.W. 454; Hance v. St. Louis-San Francisco Ry. Co., Mo.App., 283 S.W.2d 879. It should be noted at this point that the foregoing rules and examples may not be applicable in a situation where the trial court orders a separate trial of a claim or issue (which is not the situation here) as contemplated by the provisions of Section 510.180 (2) and Supreme Court Rule 3.29, 42 V.A. M.S.

■ The instant judgment did not fully dispose of the issues. It determined the is-

sue raised by the first count but it includes only one step in the proceedings required to dispose of the second count. The court determined that plaintiffs were entitled to an accounting, and ordered same, but the accounting has not been taken and the result thereof approved and final judgment rendered thereon. We therefore conclude that said judgment was interlocutory. The word "interlocutory" has been defined as "not final" and in a legal sense is said to be, "Something intervening between the commencement and the end of a suit which decides some point or matter, but which is not a final decision of the whole controversy." 47 C.J.S., p. 85.

It would appear that our recent case of Adams v. Adams, Mo.Sup., 294 S.W.2d 18, is decisive of the question under consideration. In that case we held a judgment interlocutory wherein the court, after deciding that the plaintiffs were the owners of a certain tract of land, ordered an accounting of the partnership which had been farming that tract and other lands and referred the cause to a referee for the purpose of taking that accounting. We dismissed the appeal therein as premature. We can see no material difference between that judgment and the one before us in the instant case.

For reasons that should be apparent, it has long been the rule that appellate courts cannot review cases on appeal that are brought to such courts piecemeal or in detached portions. Weir v. Brune, 364 Mo. 415, 262 S.W.2d 597.

The appeal herein, being premature, is dismissed.

VAN OSDOL and COIL, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.