ESTATE of Nancy M. ALEXANDER, Deceased.

Annie DOWELL and Robert Patton,

v.

Lee S. McELHINEY, Administrator of the Estate of Nancy M. Alexander, Deceased, Appellant.

No. 47308.

Supreme Court of Missouri,

Division No. 1.

Sept. 14, 1959.

Jayne & Jayne, Kirksville, John F. Carmody, Moberly, for respondents.

Edwin Yagel, Errol Joyce, Brookfield, for appellant.

HOUSER, Commissioner.

This is an appeal from a judgment of the Circuit Court of Adair County, sitting as a probate court, in the matter of the Estate of Nancy M. Alexander, Deceased. Following the approval by the Probate Court of Linn County of the final settlement of Lee S. McElhiney, Administrator, two heirs, Annie Dowell and Robert Patton, filed a pleading incorporating their objections to the settlement, a motion to modify the settlement, and motions to remove the administrator and for an accounting. The matter was removed from the probate court to the Circuit Court of Linn County on motion of Annie Dowell. Thereafter on motion of Robert Patton the regular judge of the circuit was disqualified to hear the matter on the alleged ground of personal prejudice. The Supreme Court temporarily transferred Honorable Joseph L. Gutting, Judge of the 37th Judicial Circuit, to the Circuit Court of Linn County for the trial of the matter. The administrator filed a motion to disqualify Judge Gutting on the alleged ground of bias and prejudice on the part of the judge against the administrator and that Annie Dowell had an undue influence over the mind of the judge, and for a change of venue from Linn County on the ground that the inhabitants of Linn County were prejudiced against the administrator and

that Annie Dowell had an undue influence over the inhabitants of the county. The application and affidavit were presented to Judge Gutting, sitting as judge in the Circuit Court of Linn County. Judge Gutting made an order showing that he considered and found the application and affidavit sufficient, and awarding a change of venue to the Circuit Court of Adair County, in another circuit. After the matter reached that court the administrator filed a motion to remand. That motion was overruled and the matter proceeded to trial before Honorable William E. Stewart, Regular Judge of the Circuit Court of Adair County. When the matter came on for trial the heirs filed a motion for a default judgment, which was sustained. Judgment was thereupon rendered on June 16, 1958, sustaining all of the objections of the heirs to the final settlement, revoking the administrator's letters, removing him from office, disapproving and striking his final settlement from the records, ordering the administrator to account to the heirs for all sums due them and requiring the administrator to appear the next day with all of his books, records, etc., and to render a full and complete accounting of his acts as administrator. Motion to set aside the judgment was overruled and the administrator appealed from the judgment.

We do not reach the points raised by administrator-appellant for the reason that the appeal must be dismissed as premature. There has been no final determination of the rights of the parties, and no final judgment, within the meaning of Section 511.020, RSMo 1949, V.A.M.S. For a judgment to be final for the purposes of appeal, it must dispose of all of the issues. The statute does not permit appeals to be taken piecemeal or in detached portions. Anderson v. Metcalf, Mo.Sup., 300 S.W.2d 377, and cases cited. The judgment from which this appeal is taken is not a final judgment. It does not fully dispose of all the issues. The pleading upon which this proceeding was based, captioned "Objections to Settlement, Motion for an Accounting, Motion to Modify Settlement and Motion to Remove Administrator," all in one count, contained 27 separately numbered paragraphs. The prayer was for (1) an order of modification of the settlements previously filed by the administrator, (2) an order removing the administrator from office, and (3) "that said administrator make and file herein a true and just accounting for said estate." The judgment of June 16, 1958, from which this appeal is taken, is a judgment (1) sustaining the objections to the final settlement of the administrator and striking and disapproving the same, (2) removing the administrator from his office and revoking his letters, and (3) ordering the administrator to account to the objectors for all sums due them in the estate, "and that he be and appear in this court at 9:00 A.M. on Tuesday, June 17, together with all of his books and records, tax returns, canceled statements, tax notices, both Federal and State, and all other papers, receipts, notices and records of any kind or nature whatsoever pertaining to this estate, or any part thereof, and that he at said time make a full and complete accounting of his acts as said administrator in accordance with the statutes, and that at such time a hearing be held to determine what items are properly receipts and disbursements, to the end that a true and correct final settlement may be made and filed herein, and modified as prayed in said objections to the settlement heretofore made * * *." The judgment disposes of the objections to the final settlement, the right of the administrator to hold his office and the right of the objectors to an accounting, but the accounting had not been taken at the time the appeal was taken and the result of the accounting has not been approved and final judgment rendered thereon. The judgment is interlocutory only, not final, and not appealable. The appeal is dismissed for the reason that it is premature. Ample authority for this ruling is to be found in the cases of Anderson v. Metcalf, supra; Adams v. Adams, Mo.Sup., 294 S.W.2d 18; and Engel Sheet

Metal Equipment, Inc. v. Shewman, Mo. App., 301 S.W.2d 856, in each of which the appeal, taken after the right to an accounting had been adjudicated but before the accounting had been held, was dismissed as premature. In each of these cases (as here) no order had been made for a separate trial of the right to an accounting and of the accounting itself, under Section 510.180, subd. 2 RSMo 1949, V.A.M.S., or Supreme Court Rule 3.29, 42 V.A.M.S.

COIL and HOLMAN, CC., concur.

PER CURIAM.

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.