Richard H. PROCTOR and W. W. Sleater, Trustees under the Will of Mary A. Moehle, Deceased, Plaintiffs-Appellants,

v.

Marcia JACOBS et al., Defendants-Respondents.

John A. Joyce, Guardian ad litem for Kenneth Pautler and Michael Pautler, Minors, Defendants-Appellants.

Nos. 54943, 55027.

Supreme Court of Missouri, Division No. 2.

Oct. 11, 1971.

Motion for Rehearing or for Transfer to Court En Banc Denied Nov. 8, 1971.

W. W. Sleater, St. Louis, for appellants.

Newmark & Baris, Irl B. Baris, Leonard J. Frankel, St. Louis, for respondents, Marcia Jacobs and Richard Jacobs.

FINCH, Chief Justice.

The decisive question presented is whether the present appeal is premature. We hold that it is and reverse and remand for that reason.

Plaintiffs were named in the will of Mary A. Moehle, deceased, as trustees of a trust created by that will. Under the trust provisions the husband of testatrix was to receive the income for life, after which the trustees were to divide the corpus into three portions of equal value, one to be held for the benefit of each of testatrix' three children and their children.

The trustees filed suit in the Circuit Court requesting the court to construe the trust instrument set forth in the will and to find that the interests of the beneficiaries thereof would be served best by the appointment of separate trustees for each of the three separate trusts into which the corpus was to be divided. Plaintiffs sought permission to resign as trustees and to account for receipts and disbursements in their administration of the trust.

All persons presently or potentially interested in the assets of the trust property were named as defendants. These included the three children of the deceased, their spouses and all living and unborn children of testatrix' three children.

Marcia Jacobs, one of testatrix' daughters, and her husband, Richard Jacobs, filed a counterclaim wherein they asserted that the provisions of the will creating the trust in question were invalid as violative

of the rule against perpetuities. The Jacobs then filed a motion for summary judgment on that basis, and on July 8, 1969, the trial court entered the following order:

"Interlocutory order sustaining motion for summary judgment, directing delivery of property, accounting and hearing on final distribution as per draft of order filed. Further hearing set Sept. 18, 1969."

The order referred to in the foregoing provided as follows:

"There is pending before the Court a motion for summary judgment filed by defendants Marcia Jacobs and Richard Jacobs. All parties having been given notice thereof and the Court being fully advised, it is hereby ordered, adjudged and decreed:

"1. The motion for summary judgment filed by defendants Marcia Jacobs and Richard Jacobs is sustained.

"2. The testamentary trust created by the will of Mary A. Moehle is declared to be null and void.

"3. Richard H. Proctor and W. W. Sleater, III are ordered and directed to deliver forthwith to Marcia Jacobs, June Pautler, and Arthur Moehle, Jr., free and clear of any trusts, all assets presently in their possession derived from the Estate of Mary A. Moehle, said assets to be delivered in kind in accordance with the division of said assets heretofore made and managed by Richard H. Proctor and W. S. (sic) Sleater, III.

"4. Richard H. Proctor and W. W. Sleater, III are ordered and directed to withhold from each of said groups of assets the sum of $1,000.00, or a total of $3,000.00, which they are hereby ordered and directed to deliver to the Clerk of this Court as a reserve for payment of the following expenses:

"A. Fees to be allowed by this Court to F. William Human, Jr. for his services as guardian ad litem.

"B. Additional Missouri inheritance taxes, if any, which may be payable to the State of Missouri.

"C. Additional fees, if any, and reimbursement of expenses, if any, for Richard H. Proctor and W. W. Sleater, III.

"D. Court costs in this proceeding.

"5. Richard H. Proctor and W. W. Sleater, III are ordered and directed to make a full and complete accounting of all transactions with reference to assets which they received from the estate of Mary A. Moehle up to the present date, said accounting to be filed with this Court, with copies to parties in interest, on or before the 1st day of September, 1969.

"6. This cause is set for further hearing on the 18th day of September, 1969, for the purpose of hearing an application for guardian's fees to be filed by F. William Human, Jr., determining the accuracy of the accounting to be filed by Richard H. Proctor and W. W. Sleater, III, of considering the allowance of additional fees, if any, and reimbursement of expenses, if any, to Richard H. Proctor and W. W. Sleater, III, provided applications therefor are filed on or before the 1st of September, 1969, of determining the amount of Missouri inheritance tax, if any, which may be due the State of Missouri, and for such further and other orders as the Court may deem appropriate."

Plaintiff trustees appealed from the foregoing order and a separate appeal therefrom was filed by Kenneth Pautler and Michael Pautler, minor children of June Pautler, one of the daughters of testatrix. We have jurisdiction on the basis of the amount involved.

The first question presented to us is whether the order sustaining the motion for summary judgment was an appealable order.

The right of appeal is statutory and the applicable statutory provision is § 512.020, RSMo 1969, V.A.M.S., which provides as follows:

"Any party to a suit aggrieved by any judgment of any trial court in any civil cause from which an appeal is not prohibited by the constitution, nor clearly limited

in special statutory proceedings, may take his appeal to a court having appellate jurisdiction from any order granting a new trial, or order refusing to revoke, modify, or change an interlocutory order appointing a receiver or receivers, or dissolving an injunction, or from any interlocutory judgments in actions of partition which determine the rights of the parties, or from any final judgment in the case or from any special order after final judgment in the cause; but a failure to appeal from any action or decision of the court before final judgment shall not prejudice the right of the party so failing to have the action of the trial court reviewed on an appeal taken from the final judgment in the case."

The trial court's order of July 8, 1969, was not a final judgment. Several things remained for decision. There was to be an accounting by the trustees and its accuracy was to be determined. Various fees and taxes were to be determined. The trial court so recognized and specifically denominated the order as interlocutory in nature. Consequently, a right of appeal from that order did not exist unless it was such an interlocutory order as to be appealable. An examination of the provisions of § 512.020 shows that it was not.

Appellants seek to compare the situation here involved with a partition suit wherein an appeal is permitted after the court directs partition and before the property is sold. The fallacy in appellants' position is that § 512.020 specifically authorizes an appeal "from any interlocutory judgments in actions of partition which determine the rights of the parties" but contains no similar provision which would apply to the interlocutory order sustaining the motion for summary judgment as to the validity of the trust created by Mrs. Moehle's will.

The order of July 8, 1969, having been interlocutory, the appeal therefrom was premature. In re Alexander's Estate, Mo., 327 S.W.2d 218; Adams v. Adams, Mo., 294 S.W.2d 18; Henderson et al. v. Treadway et al., 187 Mo.App. 628, 173 S.W. 46.

Reversed and remanded.

All of the Judges concur.

ON REHEARING

PER CURIAM.

On motion for rehearing appellants again urge that the order appealed from, even though designated interlocutory, will result in distribution and dissipation of the corpus of the trust, with resulting termination thereof, and is, in fact, final. It will have the effect, according to appellants, of depriving them of an opportunity for review wherein they could recover the assets, if their position is vindicated on subsequent appeal.

We disagree. The order was interlocutory. We are sure that the trial court will insure that the assets are not distributed prematurely so as to permit such a result. This it must do. Appellants can and should be afforded an opportunity on appeal from a final judgment to obtain review of the contentions which they assert.