**In re the Petition of Leland N. ROBERTS and Ruby Mae Roberts, Respondents,**

v.

**Julius HARMS and Hulda Harms, Appellants.**

**No. WD 36392.**

Missouri Court of Appeals,
Western District.

Oct. 1, 1985.

Gary W. Fleming and Steven A. Fritz, Fleming & Fritz, Inc., Sedalia, for appellants.

C.B. Fitzgerald, Fitzgerald, Fitzgerald & Carter, Warrensburg, for respondents.

Before SHANGLER, P.J., and TURNAGE and BERREY, JJ.

TURNAGE, Judge.

Leland N. Roberts and his wife, Ruby Mae, filed a petition requesting the court to establish destroyed or obliterated corners pursuant to § 446.040, *et seq.* RSMo 1978 & Supp.1984.[1] Julius Harms and his wife, Hulda, intervened as adjoining land owners whose title may be affected by the loss of said corners. The court proceeded to the land and there examined witnesses pursuant to §§ 446.050 and 446.060. The court then entered an order finding that the corners had been destroyed or obliterated and directed that the transcript and depositions be given to the county surveyor for him to re-mark, plat, and survey the destroyed corners pursuant to § 446.110.

The Harms have appealed on the grounds that the trial court erred in admitting into evidence certain testimony and that there is insufficient evidence from which the surveyor can establish the corners. Appeal dismissed.

This is a continuation of the disagreement between the parties as to the location of the boundary between their lands. That dispute was before this court in *Roberts v. Harms*, 627 S.W.2d 924 (Mo.App.1982), in

---

1. All sectional references are to Missouri's Revised Statutes, 1978, unless otherwise noted.

which this court reversed the judgment settling the boundary dispute because the surveys admitted in evidence were not shown to have commenced at an established government corner. The petition in this case was filed to establish the corners so that a proper survey could be prepared.

While neither of the parties have raised the question of whether or not there is an appealable judgment, this court has a duty *sua sponte* to determine that question. *Schwenker v. St. Louis County Nat'l Bank*, 682 S.W.2d 868, 870[1, 2] (Mo.App. 1984). To determine if there is an appealable judgment, it is necessary to examine the statutory procedure for establishing destroyed or obliterated corners. The petition was filed under the provision of § 446.040, RSMo Supp.1984. That section provides that the owner of a survey or of any lands, the title of which may be affected by the loss of such corner, may call on a judge of the circuit court for the purpose of establishing such corners. Section 446.050 directs the judge to have the county surveyor and other witnesses appear before him on the land. Section 446.060 directs the judge to examine the witnesses summoned touching the existence or situation of the destroyed or obliterated corners. Section 446.080 requires the judge to reduce the examination of the witnesses to writing and to certify and deliver such writing to the county surveyor.

■ These sections provide the entire function of the court in an action brought pursuant to § 446.040, RSMo Supp.1984. After the evidence is delivered to the county surveyor, § 446.110 directs the surveyor, if required by the party owning or being interested in any survey, to plant a stone or post at each of the decayed or obliterated corners. That section states that the surveyor, in planting the stone or post at the corners, is governed by the evidence which has been taken by the court and delivered to him.

There is no provision in Chapter 446 for the court to enter a judgment establishing the corners or to approve the plat or survey after it has been prepared by the county surveyor. Rather, once prepared, the plat or survey is recorded and under § 446.150 it is thereafter admissible in evidence.

■ It is elementary that the right of appeal is purely statutory. *Anderson v. Metcalf*, 300 S.W.2d 377, 378[2–4] (Mo. 1957). An appeal may be taken from any final judgment. Section 512.020, RSMo 1978. A final, appealable judgment is ordinarily one which disposes of all parties or issues. This has been said to mean "a disposition of all issues raised by the pleadings." *Anderson*, 300 S.W.2d at 378[2–4].

■ The difficulty in this case is that the statutory scheme does not direct the court to enter any judgment. The court simply conducts the examination of the witnesses and delivers the evidence to the surveyor. It is then the county surveyor's duty to re-mark the corners and prepare the survey in accordance with the evidence. Further, there were no issues presented to the court by the proceedings which required a determination. The Roberts filed a petition to establish the corners alleging the corners were destroyed or obliterated. The Harms also filed a petition in which they alleged the same corners were destroyed or obliterated. Thus, the parties agreed that the corners needed to be re-established. Since the pleadings agreed the corners were lost, the order in this case finding the corners were destroyed or obliterated did not determine any matter raised by the pleadings. By its order the court simply performed its function under the statute and directed the surveyor to properly establish the corners. There was no judgment establishing the corners because the statute does not allow the court to make that determination. Under the definition of judgment in *Anderson*, there was no final appealable judgment in this case.

This court recognizes that this is an unsatisfactory disposition of the appeal. However, given the statutory scheme of § 446.040, *et seq.* RSMo 1978 & Supp.1984, it is the responsibility of the legislature to supply a provision under which the court

could enter a final appealable judgment in this type of action.

Appeal dismissed.

All concur.