

# SUPREME COURT OF MISSOURI
## en banc

KEVIN RHODES, )
)
      Appellant-Respondent, )
)
v. )
)
MISSOURI HIGHWAYS and )
TRANSPORTATION COMMISSION, )
)
      Respondent-Appellant. )

*Opinion issued August 12, 2025, and modified on the Court's own motion September 9, 2025*

No. SC100998

### APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY
The Honorable J. Dale Youngs, Judge

Former employee, Kevin Rhodes, and the Missouri Highways and Transportation Commission ("the commission") both appeal the circuit court's judgment following a jury verdict in Rhodes's favor on his claims for hostile work environment and retaliation under the Missouri Human Rights Act ("the act"). Rhodes asks this Court to determine the constitutional validity of the damages cap in section 213.111.4.[1] On cross-appeal, the commission argues Rhodes failed to make a submissible case for his claims. Because the

---

[1] Rhodes specifically argues the damages cap violates his right to a jury trial, equal protection, due process, the mandate for the separation of powers, and the open court provision of the state constitution. All statutory citations are to RSMo 2016 unless otherwise indicated.

judgment is not final for its failure to rule on Rhodes's request for equitable relief and prejudgment interest, however, this Court dismisses the appeal.

## Factual and Procedural Background

Rhodes began his employment in 2001 with the commission, which terminated his employment in December 2019. In the last year of his employment, Rhodes was accused of using a racial slur, and the commission conducted an investigation. Rhodes filed grievances regarding treatment by his supervisor during the investigation. Rhodes was suspended and, ultimately, terminated after the investigation substantiated not only the allegation that he used a racial slur but also other allegations of workplace misconduct. Rhodes filed two subsequent charges of discrimination with the Missouri Commission on Human Rights, which both times issued Rhodes a notice of right to sue.

Rhodes filed his petition in the circuit court in March 2021, alleging various violations of the act, including sex discrimination, retaliation, and hostile work environment. After trial, a jury found in the commission's favor on Rhodes's claim of sex discrimination and in Rhodes's favor on his claims of retaliation and hostile work environment. The jury assessed the following damages: $24,997 for back pay; $24,997 for past economic damages; $21,000 for future economic losses; $180,000 for non-economic losses; and $1.7 million for punitive damages. In April 2023, the circuit court entered judgment on the jury verdicts, applying section 213.111.4's damages cap to the jury's assessed damages and awarding Rhodes $24,997 for back pay and a $500,000 lump sum for past economic losses, future economic losses, non-economic losses, and punitive damages. The commission moved for judgment notwithstanding the verdict,

2

arguing Rhodes failed to make a submissible case on each of his claims. The circuit court overruled the motion.

Rhodes and the commission cross-appealed. Rhodes argued section 213.111.4's damages cap is unconstitutional, and the commission argued the circuit court erred in overruling its motion for judgment notwithstanding the verdict. The appellate court transferred the case to this Court pursuant to article V, section 11 of the Missouri Constitution based on this Court's exclusive appellate jurisdiction to determine constitutional issues. Mo. Const. art. V, sec. 3.

## Appellate Review

The right to appeal is purely statutory. *Anderson v. Metcalf*, 300 S.W.2d 377, 378 (Mo. 1957); section 512.020. "A prerequisite to appellate review is that there be a final judgment." *Gibson v. Brewer*, 952 S.W.2d 239, 244 (Mo. banc 1997) (internal quotation omitted); section 512.020(5). It is the duty of reviewing courts to determine whether a final, appealable judgment has been entered. *Anderson*, 300 S.W.2d at 378.

A final judgment is a legally enforceable judicial order that "disposes of all claims (or the last pending claim) in a lawsuit." *Jefferson Cnty. 9-1-1 Dispatch v. Plaggenberg*, 645 S.W.3d 473, 475 (Mo. banc 2022); *Wilson v. City of St. Louis*, 600 S.W.3d 763, 768 (Mo. banc 2020). To determine how many pending claims exist that must be disposed, "the focus is on the number of legal rights asserted in the action." *Jefferson Cnty*, 645 S.W.3d at 476 (quoting *Comm. for Educ. Equal. v. State*, 878 S.W.2d 446, 451 (Mo. banc 1994)). "[A] claim is the aggregate of operative facts which give rise to a right

3

enforceable in the courts." *Comm. for Educ. Equal.*, 878 S.W.2d at 451 ("*CEE*") (internal quotations omitted). "If a complaint seeks to enforce only one legal right, it states a single claim, regardless of the fact that it seeks multiple remedies." *Id.* "[I]f multiple forms of relief are sought with respect to one set of facts, it is still one claim, and an order resolving some prayers for relief and not others does not fully resolve that claim and is not a judgment . . . ." *Wilson*, 600 S.W.3d at 768 n.6 (citing *CEE*, 878 S.W.2d at 451 (dismissing the appeal, noting "the circuit court did not dispose of all of the remedies sought as to any one claim for relief")).

Each of Rhodes's counts in his petition includes the following prayer for relief:

> WHEREFORE, Plaintiff prays for Judgment against Defendant, finding the acts and practices of the Defendant violated MO. REV. STAT. § 213.010 et seq.,; for actual, compensatory, and punitive damages; all costs, expenses, expert witness fees, and attorneys' fees incurred herein; ***prejudgment*** and post-judgment interest at the highest lawful rate; ***appropriate equitable relief*** including, but not limited to, requiring Defendant to place Plaintiff in the same position he would have been absent the illegal discrimination and/or front-pay; and for such other and further relief as the Court deems just and proper.

(Emphasis added). The circuit court's judgment includes awards of actual, compensatory, and punitive damages; attorney fees, costs, and expenses; and post-judgment interest. The judgment is silent, however, regarding prejudgment interest and appropriate equitable relief.[2]

In cases presenting mixed issues of law and equity, "trials should be conducted to allow the legal claims to be tried to a jury, with the court reserving for its own

---

[2] The judgment also fails to include a catch-all statement, such as: "All other relief requested is denied."

4

determination only equitable claims and defenses, which it should decide consistently with the factual findings made by the jury." *State ex rel. Barker v. Tobben*, 311 S.W.3d 798, 800 (Mo. banc 2010). "The trial court has discretion to try such cases in the most practical and efficient manner possible, consistent with Missouri's historical preference for a litigant's ability to have a jury trial on claims of law." *State ex rel. Leonardi v. Sherry*, 137 S.W.3d 462, 473 (Mo. banc 2004). Circuit courts typically address the equitable claims following a jury trial in which the parties' legal claims are tried. *Payne v. Cunningham*, 549 S.W.3d 43, 50 (Mo. App. 2018) ("Logically, there is a marked preference to conduct a jury trial first, with the court reserving for its own determination only bench-tried issues, whether equitable or jury-waived." (internal quotation omitted)); *See, e.g.*, *N. Farms, Inc. v. Jenkins*, 472 S.W.3d 617, 630 (Mo. App. 2015); *Med. Plaza One, LLC v. Davis*, 552 S.W.3d 143, 152 (Mo. App. 2018). Here, the circuit court entirely failed to consider the equitable relief requested, leaving such issues open for further adjudication.[3] For this reason, there is no final judgment, and this Court may not consider the merits of the parties' appeals.

**Conclusion**

---

[3] The judgment wholly fails to address the disposition of Rhodes's request for front pay and, therefore, is not final. The same applies as to Rhodes's request for prejudgment interest. Because no purported judgment disposed of Rhodes's requests for prejudgment interest and front pay, there is no final judgment. Even when no party questions the appealability of a circuit court's order, "[t]his Court is nevertheless required to determine whether it has jurisdiction to hear the appeal. A prerequisite to appellate review is that there be a final judgment. If the order of the trial court was not a final judgment, this Court lacks jurisdiction and the appeal must be dismissed." *Boley v. Knowles*, 905 S.W.2d 86, 88 (Mo. banc 1995) (internal citations and quotations omitted); section 512.020(5).

The appeal is dismissed for lack of a final judgment.

_____

KELLY C. BRONIEC, JUDGE

All concur.