**STATE ex rel. Ronald D. ROWLETT, Relator,**

v.

**Honorable Montgomery L. WILSON, Judge, 4th Judicial Circuit, Respondent.**

**No. 60702.**

Supreme Court of Missouri, En Banc.

Dec. 18, 1978.

a contract executed in connection with a suit to dissolve their marriage, each party was to pay his respective share of farm expenses and receive his share of the income for 1975 and each year thereafter until the farm was sold. This occurred in 1975 but in 1976 relator, instead of notifying her of expenses as they accrued, paid them and then demanded of $5,936.46 as her share. As a result, she could not arrange with creditors to pay her share in installments. She did not have the $5,936.46 to pay relator but informed relator she would pay her half of the expenses when the sale of the farm was completed. The petition alleges that relator's agent and attorney agreed to this and that she relied thereon and made no further effort to pay until the farm was sold in December 1976. She then sought to pay her share of expenses with interest, but relator refused to accept and refused to account to her for her share of the income.

Relator filed an answer in which he denied that Mrs. Thornton was entitled to an accounting. He alleged that under the contract between them it was agreed that each should pay one-half of the expenses and receive one-half of the profits and that if either failed to pay his share of expenses, the other would have the option of paying all of the expenses and receiving all of the income. He alleged that when Mrs. Thornton failed to pay her share of the expenses for 1976, he exercised the option of paying all of the expenses and receiving all of the income.

After the pleadings were made up, but before the trial of any of the issues, Mrs. Thornton propounded several interrogatories to relator, all of which were addressed to the details of crops planted and harvested in 1976 and which requested information as to whom the crops were sold and at what prices. Relator filed objections to these interrogatories, asserting that if the interrogatories were answered, the action for an accounting would be moot. These objections were overruled and relator was given 20 days in which to answer. He sought prohibition in the Missouri Court of Ap-

Theodore M. Kranitz, St. Joseph, for relator.

Michael Paul Harris, St. Joseph, for respondent.

FINCH, Judge.

Relator seeks a writ of prohibition directing respondent judge to refrain from ordering relator to answer interrogatories propounded to him in a suit for an accounting. We quash our provisional rule in prohibition previously entered.

Mrs. Audrey Thornton sued relator, her former husband, for an accounting of farm income and pasture rental from a 640 acre farm which they had owned during their marriage. Her petition alleged that under

peals, Kansas City District. That request was denied and this petition was then filed.

The issue presented is whether respondent was acting in excess of his jurisdiction or was abusing his discretion when he ordered relator to answer interrogatories which sought details as to farm income and pasture rentals before the right to an accounting had been resolved. It is relator's contention that in an action for an accounting, the court first must hear and determine whether plaintiff therein is entitled to an accounting before hearing evidence on and making an actual accounting between the parties. It follows, says relator, that until the right to an accounting has been established, there should be no discovery addressed to matters which relate only to an actual accounting as between the parties.

■ It is well established in Missouri that a court is to address and resolve the question of whether a plaintiff is entitled to an accounting before it proceeds to hear evidence relative to the actual accounting. *Adams v. Adams,* 294 S.W.2d 18 (Mo.1956); *Ewalt v. Hudson,* 223 S.W.2d 132 (Mo.App. 1949); *Larson v. Cresent Planing Mill Co.,* 218 S.W.2d 814 (Mo.App.1949); *Robert v. Davis,* 235 Mo.App. 974, 142 S.W.2d 1111 (1940). As some of these cases indicate, this is a rule of practice developed by the courts to spare a defendant the trouble and expense of preparing unnecessarily for and then trying an accounting which may or may not be ordered. The accounting portion of the trial is postponed until there has been an interlocutory order which establishes plaintiff's right to an accounting.

■ In this proceeding relator seeks to expand that rule so that pre-trial discovery which relates to matters involved in an accounting between the parties would be forbidden until after the trial court has adjudicated plaintiff's right to an accounting. He recognizes that no Missouri court has passed upon this question but calls our attention to cases from other states, particularly Florida, which have so held. *G. H. Crawford Co. Financial Services v. Goch,* 292 So.2d 54 (Fla.App.1974); *Wood v.*

*Brackett,* 266 So.2d 398 (Fla.App.1972); *Stanton Inv. Co. v. Simon,* 255 So.2d 557 (Fla.App.1971).

■ We cannot conclude that the trial court was without jurisdiction to order relator to answer the interrogatories propounded to him. The court had jurisdiction of the suit for an accounting. That jurisdiction included the right to rule on objections to interrogatories.

Nor can we conclude on the record before us that the court's action in directing relator to answer the interrogatories amounted as a matter of law to an abuse of discretion. Our practice has been to allow the trial court wide discretion in ruling upon objections to interrogatories. *State ex rel. Norfolk & Western Ry. v. Dowd,* 448 S.W.2d 1 (Mo.banc 1969). The trial court is in a much better position to handle these questions which ordinarily do not lend themselves to review and control at the appellate level by means of a writ of prohibition.

■ While we have decided to adhere to our rule as announced in *Norfolk & Western,* we recognize that there is merit in the Florida rule announced in the cases which relator cites. Since an accounting suit will be tried in two stages, the first a determination of the right to an accounting and the second the actual accounting if a right thereto is found to exist, it makes sense to defer an extensive discovery as to the actual accounting until the right thereto has been established. We are confident that trial courts will not require extensive discovery concerning details of an actual accounting between parties until they have determined that an accounting will be ordered.

■ Relator asserts that by filing a motion to dismiss the petition for prohibition at the same time he filed a return to the petition, respondent abandoned or withdrew his return and is in default. There is no merit in this contention. Respondent could file a motion to dismiss and his return at the same time without abandoning either.

Having concluded that the trial court had jurisdiction to rule on the objections to the interrogatories and that there has been no abuse of discretion as a matter of law, we quash the provisional rule in prohibition previously issued.

All concur.