STATE of Missouri, ex rel. Mary Kay STOCKSTROM, Herbert C. Schoenberg, Alice G. Reilly and Dorothy E. Brockmeier, Plaintiffs,

v.

The Honorable William H. CRANDALL, Jr., Judge of the Circuit Court of St. Louis County, Missouri, Division No. 1, Defendant.

· No. 40320.

Missouri Court of Appeals, Eastern District, Division Two.

June 26, 1979.

William J. Fletcher, Clayton, for plaintiffs.

Maniscalco, Clancy, Pittman & Bagot, Cyril J. Clancy, Clayton, for defendant.

STEWART, Judge.

Original proceeding in prohibition. Plaintiffs seek our writ to prohibit the defendant from enforcing his order compelling plaintiffs to answer certain interrogatories. We quash our provisional rule in prohibition.

The parties will be designated as plaintiff and defendant in accord with Rule 97.01. In the underlying action in injunction plaintiffs allege that Richard J. Schoenberg has threatened and harassed plaintiffs with respect to other litigation pending between plaintiff Herbert C. Schoenberg and Richard J. Schoenberg. The plaintiffs are asking the court to enjoin Richard J. Schoenberg from, among other things, entering or attempting to enter plaintiffs' premises; from "harassing, threatening, annoying, intimidating and assaulting plaintiffs, or any of them, by any means, including but not limited to contacts in person, by telephone, or in writing."

Richard J. Schoenberg has filed an answer denying the essential allegations of the plaintiffs' petition for an injunction. He affirmatively states that any contact made with plaintiffs was of a peaceful nature for the purpose of discovery of personal property that was removed from his residence.

Richard J. Schoenberg submitted seven interrogatories, some with sub-questions, to be answered by plaintiffs. Plaintiffs objected to interrogatories 6 and 7 reading as follows:

"6. With respect to the list of defendant's property which defendant has attached as Exhibit 'A' and captioned 'Inventory of Personal Property', state whether any plaintiff is in possession of any of the property listed in that Exhibit, and if so:

a) Name the piece of property.

b) When was it acquired, and for how much?

c) Who was it acquired from?

d) Was a bill of sale or title or document of any sort transferred at the time, and if so, to whom?

"7. Are the plaintiffs in possession of any property belonging to the defendant of whatever nature, and particularly any property of the defendant previously kept at his former residence of 9501 Spitz, Crestwood, Missouri 63126? If so:

a) Describe in detail the piece or pieces of property.

b) How was the property acquired?

c) From whom was the property acquired?

d) When was the property acquired?

e) What item or items of property was acquired?

f) Was any money paid for the property, and if so, how much?

g) Was any bill of sale, document of title, or other paper transferred at the time, and if so, by whom and to whom?"

Plaintiffs contend that these interrogatories are beyond the scope of discovery permitted under Rules 56 and 57 because the information is not relevant "to the subject matter involved in the pending action, would not be admissible at the trial, is not reasonably calculated to lead to the dis-

covery of admissible evidence and does not relate to the claim or defense of any party."

There is no claim nor can there be that the interrogatories are oppressive. The issue presented is whether, on the record before us, the answers sought by the interrogatories could have appeared to the court to be relevant to the subject matter of the litigation or reasonably calculated to lead to the discovery of admissible evidence. *State ex rel. Norfolk and Western Railway Company v. Dowd*, 448 S.W.2d 1, 3 (Mo.1969).

Because the trial court is in much better position to handle the questions involved in the determination of the propriety of interrogatories the trial court properly has wide discretion in ruling on objections to interrogatories. *State ex rel. Rowlett v. Wilson*, 574 S.W.2d 376, 378 (Mo.1978).

From the arguments of the parties which we need not set out in detail, it appears that a reasonable argument can be advanced that the interrogatories may be relevant to the injunction action or may lead to relevant evidence. *State ex rel. Norfolk and Western Railway Company v. Dowd, supra*. Plaintiffs are contending that Richard J. Schoenberg made improper contacts with them. The information sought would tend to show that he had a proper reason for contacting them and that his contacts were made in a peaceful manner. The evidence sought would be relevant to the extent of the injunction as well as whether he should be enjoined at all. If Richard J. Schoenberg had reason to believe that plaintiffs were in possession of his property the court might find it unreasonable to enjoin him from writing letters or even telephoning plaintiffs.

We cannot say that defendant abused his judicial discretion in ordering plaintiffs to answer the interrogatories.

Our provisional writ is quashed.

STEPHAN, P. J., and KELLY, J., concur.