**NATIONWIDE FINANCIAL CORP.,**
**Plaintiff-Respondent,**

v.

**Mary REDD and James A. Redd,**
**Defendants-Appellants.**

**No. 43137.**

Missouri Court of Appeals,
Eastern District,
Division Two.

June 16, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 21, 1981.

Application to Transfer Denied
Nov. 10, 1981.

Ernest L. Keathley, Jr., St. Louis, for defendants-appellants.

Charles L. Merz, St. Louis, for plaintiff-respondent.

PUDLOWSKI, Presiding Judge.

This is a companion to the previous case, *Redd v. Household Finance Corp., Nation-*

wide *Financial Corp. of Missouri, Franklin Finance Co., Preferred Loan Corp. and Chippewa Trust Co.,* Mo.App., 622 S.W.2d 255. Handed down this same day. Here plaintiff Nationwide Financial Corp. of Missouri alleged defendants, James A. and Mary L. Redd, failed to pay installments due on a promissory note. Defendants filed a counterclaim alleging usury. The trial court granted plaintiffs' motion for summary judgment. We affirm.

The record shows that defendants borrowed $1,300.91 from plaintiff. Interest was assessed as follows: slightly less than 2.218% per month on that portion of the unpaid principal balance of $500 or less and 10% per annum on that portion which exceeded $500. The note was to be repaid in 24 equal monthly installments of $66. The resulting annual percentage rate was 19.66. Defendants contend there is usury as the annual percentage rate exceeds the maximum interest allowed by § 408.030 RSMo. 1978. We find defendants' contention meritless for the reasons set forth in Part II of the companion case. The interest was computed in accord with § 408.200, RSMo,1978.

Defendants also present five other points on appeal all of which charge the trial court erred in sustaining plaintiffs objection to a number of defendants' interrogatories. We do not agree. Plaintiffs have failed to establish that the trial court abused its broad discretion in ruling upon the objections to defendants' interrogatories. *State ex rel. Stockstrom v. Crandall,* 584 S.W.2d 124, 126 (Mo.App.1979). Further, assuming the trial court had erred defendants have totally failed to carry their burden of showing how the court's ruling resulted in prejudice. *Morris v. Duker,* 414 S.W.2d 77, 79–80 (Mo.1967).

Affirmed.

WEIER and GUNN, JJ., concur.