Joseph H. McCORD and Jean G. McCord, Plaintiffs/Appellants/Respondents,

v.

Glen SISCO, Defendant/Respondent/Appellant.

Nos. 19270, 19434.

Missouri Court of Appeals, Southern District, Division Two.

April 21, 1995.

James E. Mello, Mark A. Boatman, Armstrong, Teasdale, Schlafly & Davis, St. Louis, for plaintiffs/appellants/respondents.

Mark A. Kennedy, Kennedy & Kennedy, Poplar Bluff, for defendant/respondent/appellant.

CROW, Judge.

Plaintiffs, Joseph H. McCord and Jean G. McCord, sued Defendant, Glen Sisco, on seven promissory notes. Defendant ("Glen")[1] filed a counterclaim against Joe, but not Jean, averring Glen and Joe were partners in a cattle operation from January 1, 1986, until "the present date."[2] The counterclaim pled that from 1986 through 1991, Joe provided the partnership $121,245,059.23 and received from the partnership $123,458,892.05, an excess of $2,213,832.82, which "far exceeded the total share of profits that he should have drawn from the business as a partner." The counterclaim prayed for "an accounting of the partnership and that the Court find and ascertain the various partnership interests and make a determination as to what sums of money, if any, are owed to the partners."

The parties presented evidence to a jury November 30, 1993.[3] The trial court received in evidence three "demand" notes on which Plaintiffs were payees and Glen was maker:

Exhibit 1: $105,000, dated September 7, 1990;

Exhibit 2: $45,000, dated September 17, 1990;

Exhibit 3: $200,000, dated April 10, 1991.

Plaintiffs did not pursue their claim on the other four notes.[4]

1. We refer to Defendant by his first name. At trial, Plaintiff Joseph H. McCord was referred to as "Joe." We refer to him by that name. We refer to Plaintiff Jean G. McCord by her first name. We do so for convenience and clarity; we mean no disrespect.

2. The counterclaim was filed November 2, 1992.

3. The transcript states trial began "on the 31st day of November, 1993." Plaintiffs' brief recites the same date. There was, of course, no such date. The docket sheet, as best we can decipher

Both sides presented evidence on whether a partnership existed between Glen and Joe. Joe testified:

"Mr. Sisco and I have been partners on lots of deals, but I wasn't a full partner with him. I wasn't a partner on all his deals.... What I mean Mr. Sisco did lots of dealings and he had lots of partners and I was a partner with him on a lot of deals, but as an overall partner I was not."

The jury returned these two verdicts:

"VERDICT A

.      .      .      .      .

On the claim of plaintiff McCords for their claim on the unpaid balance on promissory notes including interest and costs against defendant, we, the undersigned jurors find in favor of:

Joseph McCord

.      .      .      .      .

We the undersigned jurors, assess the damages of plaintiff McCords as: $398,-213.00.[5]

.      .      .      .      .

VERDICT B

.      .      .      .      .

On the claim of defendant Glen Sisco for a partnership as alleged against plaintiff Joseph McCord, we, the undersigned jurors, find in favor of:

Glen Sisco

.      .      .      .      ."

On January 4, 1994, the trial court signed a one-page document designated "Judgment." Excluding its caption, it read:

the handwritten date, shows trial began "11–30–93." Glen's brief states trial was held November 30, 1993. We assume that date is correct.

4. Immediately before trial, Plaintiffs dismissed their claim on two of those four without prejudice, and dismissed their claim on the other two with prejudice.

5. Instruction 9 read:

"If you find in favor of plaintiffs McCords on their claim on certain promissory notes, then you must award plaintiff [sic] $398,213.00."

"This action came before this Court and a jury. The parties appeared in person and by their respective attorneys. The issues have been duly tried and the jury rendered its verdicts. Judgment is hereby entered as follows:

### Verdict A

On the claim of plaintiffs, Joseph H. McCord and Jean G. McCord on the unpaid balance on promissory notes including interest and costs against defendant Glen Sisco, the jury found in favor of plaintiffs Mccord [sic] for an amount of $398,213.00.

### Verdict B

On the claim of defendant, Glen Sisco for a partnership against plaintiff, Joseph McCord, the jury found in favor of defendant, Glen Sisco.

### SO ORDERED[.]"

Parenthetically, we note the above document overstates Verdict A. The jury, in Verdict A, found in favor of only Joe; the jury made no finding as to Jean.[6] Nonetheless, the jury proceeded to assess the damages "of plaintiff McCords." Inasmuch as (1) no one raises any issue about the sufficiency of Verdict A, and (2) we have concluded, as shall be explained *infra,* that the "Judgment" is not final for purpose of appeal, we need not—and do not—express any opinion about Verdict A.

Plaintiffs bring appeal 19434. Their notice of appeal informs us they appeal "from verdict in favor of defendant on counterclaim of partnership...."

Why Jean accompanies Joe as an appellant is unexplained in Plaintiffs' brief. Glen never claimed Jean was his partner and made no attempt to prove it. The verdict-directing instruction on the counterclaim hypothesized that only Joe and Glen were partners and, as we have seen, Verdict B recited that Glen's "claim ... for a partnership" was "alleged against plaintiff Joseph McCord." The reference to Verdict B in the "Judgment" does not mention Jean, and nothing in the record indicates the trial court found Jean was a partner with Glen in any venture.

Glen brings appeal 19270. His notice of appeal informs us he appeals because: "Plaintiffs sued Defendant for collection on promissory notes and were awarded judgment in the amount of $398,213.00. (Verdict A)."

Both sides obviously assume the "Judgment" is appealable. The jurisdictional statement in Plaintiffs' brief declares (without citation of authority): "The judgment in favor of [Glen] is a final, appealable judgment on [his] counterclaim."

We find ourselves in the same position as the Supreme Court of Missouri in *Committee for Educational Equality v. State of Missouri,* 878 S.W.2d 446 (Mo. banc 1994). There, the Court explained:

"At the outset, this Court, *sua sponte,* must determine its own jurisdiction of this appeal. *ABC Fireproof Warehouse Co. v. Clemans,* 658 S.W.2d 28, 30 (Mo. banc 1983). This is not a matter of mere technical concern. Judicial integrity and restraint demand it. 'To avoid an arbitrary discretion in the courts, it is indispensable that they should be bound by strict rules and precedents which serve to define and point out their duty in every particular case that comes before them.' *The Federalist Papers No. 78* (Alexander Hamilton). Courts, no less than the citizens they serve, must abide the rules and precedents defining their jurisdiction. To do otherwise is to erode the very foundation of the rule of law.

The right to appeal is established by statute. *Mo. const. art. V, § 5.* A prerequisite to appellate review is that there be a final judgment. *§ 512.020,* RSMo *1986....*

... The rule regarding the appealability of judgments which are not final as to all claims or to all parties is Rule 74.01(b):

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple par-

---

6. That omission evidently occurred because the choice given the jury in Verdict A was: "(Plaintiff Joseph McCord) or (Defendant Glen Sisco)." Jean was unmentioned.

ties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, ... shall not terminate the action....

Rule 74.01(b) permits a trial court to designate as final a judgment 'as to one or more claims but fewer than all claims.' Thus, the minimum unit of disposition is at least one claim. *Lockett v. Owens–Corning Fiberglass,* 808 S.W.2d 902, 906 (Mo. App.1991). A judgment which resolves fewer than all legal issues as to any single 'claim for relief' is not final notwithstanding the trial judge's designation as such...."

*Committee for Educational Equality,* 878 S.W.2d at 450.

■ An appellate court lacks jurisdiction whenever the judgment appealed is not final. *Taylor v. F.W. Woolworth Co.,* 641 S.W.2d 108, 110[1] (Mo. banc 1982). An appeal from such a judgment is premature and must be dismissed. *Deeds v. Foster,* 235 S.W.2d 262, 265[2] (Mo.1951).

■ A judgment on a plaintiff's claim which does not also dispose of a counterclaim is not final. *Anderson v. Metcalf,* 300 S.W.2d 377, 378 (Mo.1957). In *Anderson,* six plaintiffs sued to have a deed declared void and to obtain an accounting. The trial court entered judgment declaring the deed void and ordering an accounting. The judgment referred the case to a referee for the accounting and provided that upon filing of his report and its approval by the court, the amount due the plaintiffs from the defendant should be a lien upon the latter's interest in certain property. The defendant appealed. The Supreme Court held:

"The instant judgment did not fully dispose of the issues. It determined the issue raised by the first count but it includes only one step in the proceedings required to dispose of the second count. The court determined that plaintiffs were entitled to

an accounting, and ordered same, but the accounting has not been taken and the result thereof approved and final judgment rendered thereon. We therefore conclude that said judgment was interlocutory....

It would appear that our recent case of *Adams v. Adams,* Mo.Sup., 294 S.W.2d 18 [(1956)], is decisive of the question under consideration. In that case we held a judgment interlocutory wherein the court, after deciding that the plaintiffs were the owners of a certain tract of land, ordered an accounting of the partnership which had been farming that tract and other lands and referred the cause to a referee for the purpose of taking that accounting. We dismissed the appeal therein as premature. We can see no material difference between that judgment and the one before us in the instant case.

For reasons that should be apparent, it has long been the rule that appellate courts cannot review cases on appeal that are brought to such courts piecemeal or in detached portions....

The appeal herein, being premature, is dismissed."

*Anderson,* 300 S.W.2d at 378–79.

■ When a party seeks an accounting, the trial court must resolve the question of whether such party is entitled to one before the court hears evidence relative to the accounting itself. *State ex rel. Rowlett v. Wilson,* 574 S.W.2d 376, 378[1] (Mo. banc 1978). Plaintiffs evidently understand this, as they cite *Cohoon v. Cohoon,* 627 S.W.2d 304 (Mo. App.E.D.1981). There, the appellate court explained that a suit for an accounting is tried in two stages. *Id.* at 306[2]. The first stage is to determine whether there is any right to an accounting. *Id.* Only if the trial court determines there is a right to an accounting does the trial proceed to the second stage which is the actual accounting. *Id.*

When the appeals were taken in the instant case, the only issue that had been addressed regarding Glen's counterclaim was whether a partnership existed between him and Joe. That issue was addressed in Verdict B.[7] The "Judgment" does not order an

7. No party questions the propriety of submitting

that issue to the jury. Because the "Judgment"

accounting. It merely recites Verdict B. No accounting had occurred when the appeals were taken. It is thus evident that the "Judgment" does not resolve all of the issues raised by the counterclaim. *Anderson,* 300 S.W.2d at 378–79.

Plaintiffs apparently realize the counterclaim has not been adjudicated. Their brief states: "The trial of [Glen's] ... counterclaim before the jury involved only the first stage of the accounting proceeding.... [T]he jury had no role in the second stage of [Glen's] counterclaim, the actual accounting of partnership assets, because the accounting is an equitable proceeding solely within the jurisdiction of the court."

The counterclaim will not be adjudicated until the trial court either (a) orders an accounting and, after the accounting is finished, enters judgment thereon, or (b) denies an accounting. *Anderson,* 300 S.W.2d at 378–79.

It follows that the appeals must be dismissed for lack of an appealable judgment. Whether the trial court could have entered judgment on Plaintiffs' claim alone and, by utilizing Rule 74.01(b),[8] made such judgment appealable is a question we need not address, as the "Judgment" signed by the trial court does not invoke Rule 74.01(b).

Appeals dismissed.

GARRISON, P.J., and PARRISH, J., concur.

---

is not final for purpose of appeal, we express no opinion on whether the "partnership" question should have been decided by the jury. We are, however, unable to find any case in which an accounting was sought by an alleged partner and the issue of whether a partnership existed was submitted to a jury. In *Dahlberg v. Fisse,* 328 Mo. 213, 40 S.W.2d 606, 609[4] (1931), the Supreme Court explained that an action for an accounting is an action in equity based on the inadequacy of a legal remedy.

8. Missouri Rules of Civil Procedure (1994).