**Kathy FLEAHMAN, et al.,
Plaintiffs/Respondents,**

v.

**Charles W. FLEAHMAN, Jr. and
Donna Marie Fleahman,
Defendants/Appellants.**

**No. ED 76030.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Dec. 28, 1999.

Daniel W. Deiter, Montgomery City, for appellant.

Dennis G. Schafer, Montgomery City, for respondents.

ROBERT E. CRIST, Senior Judge.

This case involves a suit to set aside a deed for fraud and an accounting of partnership assets. Charles Fleahman and his wife Donna Fleahman (Defendants) appeal from the judgment entered in favor of Kathy Fleahman and her two daughters (Plaintiffs). We dismiss the appeal for lack of a final judgment.

Kathy Fleahman and her husband Les Fleahman owned five tracts of property as tenants in common with Defendants. Charles and Les Fleahman were brothers. They also owned and operated a farm and automobile repair business together as equal partners. In the summer of 1993, Les became extremely ill. During that fall, Les and Kathy signed a deed transferring their one-half interest in all five tracts of real estate to Defendants. On February 8, 1994, Les died from his illness.

Plaintiffs brought this civil suit against Defendants, raising four counts in their petition: (1) Count I – declaration of a constructive trust and an order setting aside the deed for fraud; (2) Count II – unjust enrichment; (3) Count III – an accounting of partnership assets and dissolution and liquidation of partnership; and (4) Count IV – punitive damages for conversion of partnership assets. Defendants

filed an answer and a counterclaim for breach of covenant of warranty.

After a bench trial, the court issued findings of fact, conclusions of law and judgment. The court ordered that the deed be set aside. In the partnership matter, it ordered Defendants to deliver some of Les's personal property to Plaintiffs, awarded Plaintiffs actual damages of $4,400 for their share of the net profits of the partnership from 1994 to 1997, and awarded punitive damages of $5,000 for conversion of assets. In its conclusions of law, the trial court found "Plaintiffs are entitled to an accounting of the assets owned by the farm operation and auto repair service business as of February 8, 1994." The court ordered Defendants to "provide to Plaintiffs within thirty days of the date of this judgment an inventory of all assets owned by or in the possession of the farming operation and the auto repair service business as of February 8, 1994." Defendant appealed.

■■■ Although neither party initially raised an issue concerning appellate jurisdiction, it is this court's duty to do so *sua sponte*. *McKean v. St. Louis County*, 936 S.W.2d 184, 185 (Mo.App. E.D.1996). Appellate courts have jurisdiction only over final judgments. *Id.* A judgment, order, or decree of the trial court is final and appealable only when it disposes of all the issues for all parties in the case and leaves nothing for future determination. *Spectrum Cleaning Services, Inc. v. Blalack*, 990 S.W.2d 656, 657 (Mo.App. E.D.1999); Rule 74.01(b). If the trial court does not either resolve all the issues as to all parties or expressly designate "there is no just reason for delay," the appeal must be dismissed. *McKean*, 936 S.W.2d at 185; Rule 74.01(b).

■■■ In this case, the trial court's judgment failed to resolve all of the issues presented and left matters for future determination. In two of its counts, Plaintiffs' petition sought an accounting of the partnership assets. A suit for an accounting is normally tried in two bifurcated phases. In the first stage, the trial court must determine whether there is any right to an accounting. If so, then the court enters an interlocutory order establishing the plaintiff's right to an accounting. *State ex rel. Rowlett v. Wilson*, 574 S.W.2d 376, 378 (Mo. banc 1978). Only if the trial court determines there is a right to an accounting does the court proceed to the second stage of the actual accounting. *Cohoon v. Cohoon*, 627 S.W.2d 304, 306 (Mo. App. E.D.1981).

Here, the trial court explicitly determined in its conclusions of law that Plaintiffs were entitled to an accounting. In its judgment, the court further ordered Defendants to provide an inventory of partnership assets to Plaintiffs. However, the court has never conducted an actual accounting and has entered no final judgment of accounting. Further, in its judgment, the trial court did not certify "there is no just reason for delay." As a result, the court has left something for future determination and the judgment cannot be final. *See, Seamon v. Abbott*, 203 S.W.2d 139, 141–42 (Mo.App.1947) (appeal from judgment for partnership accounting dismissed for lack of final judgment where appellant appealed before final accounting).

At oral argument, Defendants conceded the judgment was not final because a formal accounting had not been held. Plaintiffs argued, however, that the judgment was final because the trial court had awarded damages concerning the net profits of the partnership and Defendants sent an inventory of assets after the judgment was entered. However, this inventory was not filed with the trial court until December 3, 1999, and the court filed no judgment approving the inventory or dividing the partnership assets. The fact remains that partnership assets remain to be divided. As a consequence, no final judgment has been entered.

Accordingly, we must dismiss this appeal because our court lacks jurisdiction to hear the appeal.

Appeal dismissed.

MARY RHODES RUSSELL, C.J., and LAWRENCE G. CRAHAN, J., concur.