**GATEWAY DIRECTORY PUBLISH-ING GROUP, INC., Plaintiff/Respondent,**

v.

**Richard FISCHER d/b/a/ The Elan Company, Defendant/Appellant,**

v.

**Gateway Directories, Inc., Gregg Rigg, Jason Jones, and James R. Rigg, Third–Party Defendants/Respondents.**

**No. ED 81517.**

Missouri Court of Appeals,
Eastern District,
Division V.

Sept. 3, 2002.

Richard Fischer, St. Louis, MO, appellant, Pro Se.

Randall D. Grady, Clayton, MO, for respondents.

LAWRENCE E. MOONEY, Chief Judge.

Richard Fischer d/b/a The Elan Company, appellant, has filed this appeal from the order dismissing his counterclaim against plaintiff Gateway Directory Publishing Group, Inc., and his third-party

claims against Gateway Directories, Inc., Gregg Rigg, Jason Jones, and James Rigg, third-party defendants. Because we find there is no final, appealable judgment, we dismiss the appeal.

Plaintiff brought a suit against appellant in three counts for replevin, conversion, and lost profits. Appellant filed two counterclaims against plaintiff and also two counts against the third-party defendants, alleging fraudulent conveyance and breach of fiduciary duty. Plaintiff and each third-party defendant filed a motion to dismiss the two counts against them. On July 9, 2002, the trial court entered an order granting the motions to dismiss and dismissing appellant's counterclaim and his third-party claims. The original three counts filed by plaintiff against appellant remain pending and are set for trial. Appellant filed this appeal from the trial court's order.

■ This court has a duty to *sua sponte* determine whether it has jurisdiction. *Fischer v. City of Washington*, 55 S.W.3d 372, 377 (Mo.App. E.D.2001). If we lack jurisdiction to entertain an appeal it should be dismissed. *Id.* An appellate court has jurisdiction only over final judgments that dispose of all parties and issues in the case and leave nothing for future determination. *O'Neill v. O'Neill*, 864 S.W.2d 7, 8 (Mo.App. E.D.1993). If the trial court does not either resolve all the issues as to all parties or expressly designate "there is no just reason for delay," the appeal must be dismissed. Rule 74.01(b); *Fleahman v. Fleahman*, 25 S.W.3d 162, 164 (Mo.App. E.D.1999).

■ Here, the order in question does not resolve all the issues as to all the parties. The original three counts against appellant are still pending in the trial court. The final-judgment rule is based on the belief that piecemeal appeals are oppressive and costly, and that optimal appellate review is achieved by allowing appeals only after the entire action is resolved in the trial court. *Blechle v. Goodyear Tire & Rubber Co.*, 28 S.W.3d 484, 486 (Mo.App. E.D.2000). The appeal in question is such a piecemeal appeal. The trial court did not designate "there is no just reason for delay" in an appeal. As a result, this court is without jurisdiction.

■ Moreover, the trial court did not even designate the order in question as a "judgment." In a civil case, a judgment is a writing both signed by a judge and expressly denominated a "judgment." Rule 74.01(a); *American Motorists Ins. Co. v. Moore*, 958 S.W.2d 94, 95 (Mo.App. E.D. 1997). The designation of "judgment" may occur at the top of the writing, within the body of the writing, or in a docket-sheet entry, but it must be clear from the writing that the trial court is calling the document or docket-sheet entry a judgment. *City of St. Louis v. Hughes*, 950 S.W.2d 850, 853 (Mo. banc 1997). Here, there is nothing in the order to indicate the trial court called the order a judgment.

We dismiss the appeal for lack of a final, appealable judgment.

LAWRENCE G. CRAHAN, J., and ROBERT G. DOWD, JR., J., concur.