**In the Interest of C.M.L., a Minor J.M., Appellant**

v.

**Greene County Juvenile Office, Respondent.**

No. 26573.

Missouri Court of Appeals, Southern District, Division Two.

June 27, 2005.

M. Elise Branyan Barker, Springfield, MO, for appellant.

Bill Prince, Springfield, MO, for respondent.

JOHN E. PARRISH, Presiding Judge.

■ J.M. (appellant), the alleged natural father of C.M.L., attempts to appeal an order terminating his parental rights. That order, however, is not a final judgment in that it fails to adjudicate the rights of S.L., the mother of C.M.L., although S.L. was named a party in the petition by which the termination of parental rights action was brought. The appeal is dismissed.

A petition to terminate parental rights of appellant and S.L. was filed in the Juvenile Division of the Circuit Court of Greene County, Missouri, on July 1, 2003. The case was called for trial June 2, 2004. At the beginning of the trial, the attorney for the Greene County Juvenile Office advised the court that S.L. had expressed an intention "to voluntarily terminate her parental rights but did not want to do so until after the alleged biological father's rights had been severed." The judge then inquired whether the attorney wished "to dismiss her from it or ... just not ... take it up as applies to her? In other words, if she, in fact, does not follow through on the voluntary, then you're going to be starting over from day one." The attorney replied, "Your Honor, if I could just not take it up as to her at this time." The judge stated the court would "just take it up as to the father."

■ Trial began. At the close of the evidence, the judge announced findings that the allegations of the petition were true; that it was in the best interests of the child to terminate appellant's parental rights. Judgment was entered declaring, "The parental rights of [appellant], alleged biological father and the unknown biological father in, to and over the minor child, [C.M.L.], ... are forever terminated." No action was taken with respect to S.L., although she remained a party to the termination of parental rights proceeding, nor was there a determination that no just reason for delay existed for purposes of entering judgment.

This court has a duty to *sua sponte* determine whether it has jurisdiction. *Fischer v. City of Washington*, 55 S.W.3d 372, 377 (Mo.App. E.D.2001). If we lack jurisdiction to entertain an appeal it should be dismissed. *Id.* An appellate court has jurisdiction only over final judgments that dispose of all parties and issues in the case and leave nothing for future determination. *O'Neill v. O'Neill*, 864 S.W.2d 7, 8 (Mo. App. E.D.1993). If the trial court does not either resolve all the issues as to all parties or expressly designate "there is no just reason for delay," the appeal must be dismissed. Rule 74.01(b); *Fleahman v. Fleahman*, 25 S.W.3d 162, 164 (Mo.App. E.D.1999). *Gateway Directory Publishing Group, Inc. v. Fischer*, 84 S.W.3d 496, 497 (Mo.App. 2002). The appeal is dismissed.

BATES, C.J., and SHRUM, J., concur.