Helen LEE, Kevin Huang, and Shane Hu, Plaintiffs/Appellants,

v.

INVESTORS TITLE COMPANY, INC., Defendant/Respondent,

and

Kinder Construction, Inc., et. al, Defendants.

No. ED 88508.

Missouri Court of Appeals, Eastern District, Division Five.

Oct. 3, 2006.

Stephen C. Banton, Attorney, Manchester, MO, for appellant.

Joseph Vincent Keady Jr., Attorney, Clayton, MO, for respondent.

BOOKER T. SHAW, Chief Judge.

Helen Lee, Kevin Huang, and Shane Hu (Appellants) appeals from judgments dismissing their claims against Investors Ti-

**94**

tle Company (Respondent). Appeal dismissed.

Appellants filed an eight-count petition against five defendants: Kinder Construction, Inc. (Kinder), Respondent, David Haumesser, Anita Burns, and Coldwell Banker–Gundaker (CBG). The dispute arose out of the construction of a home for Appellants in Webster Groves. The counts alleged were: Count I, breach of contract against Kinder; Count II, negligence against Kinder, Burns, and CBG; Count III, replevin against Kinder; Count IV, fraud against Kinder, Burns, and CBG; Count V, breach of contract against Respondent; Count VI, negligence against Respondent and Haumesser; Count VII, replevin against Respondent and Haumesser; and Count VIII, fraud against Respondent and Haumesser.

The claims against Anita Burns and Coldwell Banker–Gundaker were dismissed without prejudice in January 2005. On February 8, 2006, the trial court entered a judgment dismissing Counts III, IV, VII and VIII. On March 17, 2006, the trial court entered a judgment dismissing Count VI. On June 9, 2006, the trial court entered a judgment granting Kinder's motion for summary judgment as to Count II, but denying it as to Count I. The judgment also entered summary judgment in favor of Respondent on Count V. On July 11, 2006, the trial court granted Respondent's motion to interplead funds and directed it to pay into the registry of the court $175,000, plus $1,608 in fees and any interest. Respondent paid $181,620.26 into the registry of the court and the trial court subsequently ordered a payout of the entire amount to Appellants. Appellants have appealed to this Court, challenging the judgments dismissing all counts against Respondent.

Respondent has filed a motion to dismiss the appeal, contending there is no final, appealable judgment because claims remain pending against Kinder. An appellate court only has jurisdiction over final judgments that dispose of all parties and claims in the case and that leave nothing for future determination. Rule 74.01(b); *O'Neill v. O'Neill*, 864 S.W.2d 7, 8 (Mo. App. E.D.1993). If the trial court does not resolve all the issues as to all the parties or expressly designate "there is no just reason for delay" under Rule 74.01(b), then this Court does not have jurisdiction and the appeal must be dismissed. *Fleahman v. Fleahman*, 25 S.W.3d 162, 164 (Mo.App. E.D.1999). In reviewing the record on appeal, it does appear that Count I for breach of contract against Kinder does remain pending in the trial court and is set for trial.

Appellant has filed a response. Appellant concedes claims against Kinder remain pending, but argues that all claims against Respondent have been resolved and those claims are entirely separate from those of Kinder. These arguments are the kind that would be made to the trial court in its decision to certify the case for appeal under Rule 74.01(b). However, Appellant never sought certification under Rule 74.01(b). As a result, claims remain pending against Kinder and there is no final, appealable judgment.

Respondent's motion to dismiss is granted.[1] The appeal is dismissed for lack of a final, appealable judgment.

GLENN A. NORTON, J., and
PATRICIA L. COHEN, J., concur.

1. In the case at hand, when faced with a

motion to dismiss, Appellants' counsel filed a

response that first addressed the merits of the underlying case, then attempted to distinguish its case from others by pointing out that there was a document denominated a judgment (a separate issue under Rule 74.01(a)) and that all issues against Respondent had been ruled upon. Appellants tacitly conceded that claims remained pending against Kinder and yet, did not voluntarily dismiss the appeal or attempt to have it certified under Rule 74.01(b). Our judicial resources would be better spent on appeals from final judgments that address the merits of the case.