Eric WHITEHORN, Plaintiff–
Appellant,

v.

CITY OF POPLAR BLUFF, Missouri,
Poplar Bluff Police Department, and
Danny Whiteley, Defendants–Respondents.

No. 27485.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 27, 2006.

Christopher L. Yarbro, Poplar Bluff, for Appellant's.

Wallace L. Duncan, Poplar Bluff, for Respondents.

JOHN E. PARRISH, Judge.

■■■ Eric Whitehorn (plaintiff) brought an action in replevin against the City of Poplar Bluff, Poplar Bluff Police Department, and Danny Whiteley (collectively referred to in this opinion as defendants). Defendants filed a counterclaim

and third-party petition[1] in interpleader. The subject of both actions was currency in the amount of $10,400 that was removed from an automobile plaintiff had been operating November 8, 2004, while a resident at Southeast Missouri Community Treatment Center, a halfway house for inmates released from the Federal Bureau of Prisons. The trial court entered a judgment for defendants on the petition in replevin and declared "[o]n the Defendant's [sic] 'Counter Claim/Third Party Petition in Interpleader', the Court finds insufficient proof to establish by a preponderance of the evidence that any of the named Defendants Eric Whitehorn, Lawrence Brown, Obie Blackmon or Lisa Samonte have a claim to or are entitled to the funds held by the Plaintiff [sic]." The appeal is dismissed for lack of a final judgment.

This court has a duty to *sua sponte* determine whether it has jurisdiction. *Fischer v. City of Washington,* 55 S.W.3d 372, 377 (Mo.App. E.D.2001). If we lack jurisdiction to entertain an appeal it should be dismissed. Id. An appellate court has jurisdiction only over final judgments that dispose of all parties and issues in the case and leave nothing for future determination. *O'Neill v. O'Neill,* 864 S.W.2d 7, 8 (Mo. App. E.D.1993). If the trial court does not either resolve all the issues as to all parties or expressly designate "there is no just reason for delay," the appeal must be dismissed. Rule 74.01(b); *Fleahman v. Fleahman,* 25 S.W.3d 162, 164 (Mo.App. E.D.1999). *Gateway Directory Publishing Group, Inc. v. Fischer,* 84 S.W.3d 496, 497 (Mo.App. 2002).

■■■ "Where all requirements for interpleader are met and the money is paid into court . . . , the order dismissing the

---

1. The third party-petition added and was against persons based on defendants' allegation that those persons claimed the fund to which the interpleader was directed and which plaintiff sought to recover by his petition in replevin.

stakeholder is a final judgment which may be appealed." *Amwest Sur. Ins. Co. v. Stamatiou,* 996 S.W.2d 708, 712 (Mo.App. 1999), *citing Hyer v. Baker,* 130 S.W.2d 516, 517 (Mo.banc 1939). An order discharging a stakeholder from further liability upon the money that is the subject of the interplea is the judgment that may be appealed. *Northwestern Nat'l Ins. Co. v. Mildenberger,* 359 S.W.2d 380, 386–87 (Mo. App.1962). There can be no final judgment unless the stakeholder has been discharged. *Heinrich v. South Side Nat'l Bank in St. Louis,* 363 Mo. 220, 250 S.W.2d 345, 348 (banc 1952).

█ Defendants did not pay the funds that were the subject of their interpleader action into court; thus, the trial court never discharged defendants from liability with respect to those funds nor did it ascertain who was entitled to those funds. The judgment is not final in that it is incomplete as to defendants' interpleader action. It did not dispose of all parties and issues in the case so as to leave nothing for future determination. The appeal is dismissed.