**CKH ASSOCIATION, INC.,**
Plaintiff–Respondent

v.

**Richard MISTLER, Defendant–
Appellant.**

No. 28105.

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 16, 2007.

Richard Mistler, pro se.

Stephen K. Paulus, Lange and Paulus,
L.L.C., Cuba, for Respondent.

JOHN E. PARRISH, Judge.

Richard Mistler (defendant) appeals a judgment that declared that CKH Association, Inc., (plaintiff) owned a certain strip of real estate, forty feet wide, situate in Crawford County, Missouri. The trial court found that defendant "has no interest in said property as same was excepted from the deed by which Defendant ... acquired title to the adjacent property." Regrettably, however, the judgment was not a final judgment in that it did not dispose of all issues that were before the trial court. The appeal must, therefore, be dismissed.[1]

Count I of the Amended Petition sought "an injunction prohibiting Defen-

---

1. Plaintiff filed a motion to dismiss the appeal for noncompliance with Rule 84.04(c). The motion was taken with the case. In view of the disposition of the appeal, the motion is moot.

dant from interfering, posting signs upon, prohibiting, or otherwise limited [sic] plaintiff's use" of certain premises. Count II sought determination that plaintiff owned the fee simple absolute title to real property described therein. The judgment sought to be appealed addressed only the claim asserted in Count II. It did not address Count I, nor did it declare there was no just reason for delay in entering judgment.

This court has a duty to *sua sponte* determine whether it has jurisdiction. *Fischer v. City of Washington*, 55 S.W.3d 372, 377 (Mo.App. E.D.2001). If we lack jurisdiction to entertain an appeal it should be dismissed. *Id.* An appellate court has jurisdiction only over final judgments that dispose of all parties and issues in the case and leave nothing for future determination. *O'Neill v. O'Neill*, 864 S.W.2d 7, 8 (Mo. App. E.D.1993). If the trial court does not either resolve all the issues as to all parties or expressly designate "there is no just reason for delay," the appeal must be dismissed. Rule 74.01(b); *Fleahman v. Fleahman*, 25 S.W.3d 162, 164 (Mo.App. E.D.1999).

*Gateway Directory Publishing Group, Inc. v. Fischer*, 84 S.W.3d 496, 497 (Mo.App. 2002). *See also Whitehorn v. City of Poplar Bluff*, 208 S.W.3d 930, 931 (Mo.App. 2006).

The appeal is dismissed.

RAHMEYER, P.J., and SCOTT, J., concur.