Ross A. DISTEFANO and Neada M. Distefano, Husband and Wife,

and

Neada M. Distefano, Trustee of the Neada M. Distefano Trust, u/t/a dated December 22, 1998, Plaintiffs–Respondents,

v.

Timothy QUIGLEY and Andrea Quigley, Husband and Wife, Defendants/Third–Party Plaintiffs,

and

Stephen F. Weiner and Donna S. Weiner, Husband and Wife, Third–Party Defendants–Appellants.

No. 27608.

Missouri Court of Appeals, Southern District, Division One.

Aug. 20, 2007.

Richmond M. Enochs and Paul M. Croker, Wallace, Saunders, Austin, Brown & Enochs, Chartered, Kansas City, for Appellants.

Michael L. McDorman and Dustin G. Dunklee, Springfield, for Respondent.

Before RAHMEYER, P.J., PARRISH and SCOTT, JJ.

PER CURIAM.

Plaintiffs sued their next-door neighbors ("Defendants") to establish a prescriptive easement for the use of a driveway across Defendants' land. Defendants impleaded their sellers ("Third–Party Defendants") for breach of warranty, breach of covenant, and negligent misrepresentation. All parties and their attorneys participated in a November 17–18, 2005 non-jury trial. After taking the case under advisement, the court issued a judgment:

1. Noting a pretrial request "that the Third Party action be severed and tried separately from this action," and granting same with the express understanding that facts and evidence developed at the November 2005 trial would apply to and be considered in any later hearing;

2. Finding for Plaintiffs on their claims against Defendants; and

3. Declaring the judgment "final for purposes of appeal by [Defendants]."

Third–Party Defendants appeal therefrom. We dismiss the appeal.

Rule 66.02 explicitly allows third-party claims to be separately tried. Since separate trials under Rule 66.02 differ from a Rule 52.06 severance of claims, one commentator has noted potential confusion when courts use the term "severance" when they simply are ordering separate trials. STEVEN KATZ, 16 MISSOURI PRACTICE, CIVIL RULES PRACTICE § 66.02–2 (2d ed.1998). Rule 52.06 severance creates totally separate claims to be pursued in independent actions and resulting in completely separate judgments. Separate trials under Rule 66.02 remain part of a single legal action with a single judgment to be entered thereon. *Id.*

 The trial court did not need to declare this judgment "final for purposes of appeal by [Defendants]" if the third-party action was severed away as a separate and distinct lawsuit. Thus, if we de-

duce that the third-party claims remain in *this* case, we must dismiss this appeal for want of an express determination of "no just reason for delay." Rule 74.01(b). Unless the trial court resolves all issues as to all parties or expressly designates "no just reason for delay," we must dismiss the appeal. *Whitehorn v. City of Poplar Bluff,* 208 S.W.3d 930, 931 (Mo.App.2006); *In re C.M.L.,* 165 S.W.3d 522, 523 (Mo.App. 2005).[1]

■ Alternatively, if the trial court truly severed the third-party claim, Third–Party Defendants lack standing to appeal since they are not parties to this judgment and were not parties to its underlying action. *See, e.g., In re K.K.J.,* 984 S.W.2d 548, 551 (Mo.App.1999).

■ We are obliged to *sua sponte* determine if we have jurisdiction, and to dismiss an appeal when we do not. *Whitehorn,* 208 S.W.3d at 931; *C.M.L.,* 165 S.W.3d at 523. Appeal dismissed.

1. Although Rule 74.01(b) disposes of this issue, we also note the trial court's "appeal" declaration mentions only Defendants. Third–Party Defendants filed this appeal. Defendants filed no notice of appeal or cross-appeal, and have not filed a brief or otherwise participated in these appeal proceedings.