

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| KEVIN BARNETT, AND R.E. GENERAL CONTRACTING, LLC, | ) | No. ED111756 |
| | ) | |
| | ) | Appeal from the Circuit Court |
| Respondents, | ) | of St. Louis County |
| | ) | |
| vs. | ) | Honorable Ellen H. Ribaudo |
| | ) | |
| JEFFREY FORSTER, ET AL., | ) | |
| | ) | |
| Appellants. | ) | FILED: March 5, 2024 |

## Introduction

Jeffrey Forster, Realty Acquisitions St. Louis, LLC, and Realty Acquisitions, LLC (collectively, "Appellants") appeal from the trial court's judgment granting a partnership accounting to Kevin Barnett and R.E. General Contracting, LLC (collectively, "Respondents"). In three points on appeal, Appellants argue the trial court erred in ordering an accounting of the partnership under Section 358.220[1] of the Uniform Partnership Law ("UPA")[2] because Respondents were not entitled to an accounting under the equitable doctrine of unclean hands. Because the trial court's interlocutory order for the parties to conduct an accounting was not

---

[1] All Section references are to RSMo (2016).
[2] Sections 358.010–358.520.

eligible for Rule 74.01(b)[3] certification, given that no claim has been fully resolved, there is no final judgment, and we must dismiss the appeal for lack of jurisdiction.

<u>Factual and Procedural History</u>

Appellants and Respondents entered into an oral partnership in the real estate industry in 2012. In 2019, Respondents filed an action in the circuit court alleging Appellants breached the partnership agreement. The initial petition included a count for an equitable accounting. In pretrial proceedings, Appellants maintained that Respondents were not entitled to an accounting due to unclean hands. The trial court held a bifurcated bench trial on the singular issue of whether Respondents were entitled to an accounting. The trial court granted Respondents' request to amend their pleadings to add a claim for a statutory accounting. As amended, the Second Amended Petition brings counts for equitable accounting, statutory accounting, breach of partnership, an equitable lien, unjust enrichment, and quantum meruit.

Following trial, the trial court entered its April 2023 order and judgment ("April Order") holding that a partnership existed, and that Respondents were entitled to a statutory accounting of the partnership. The trial court noted irregularities with the financial aspects of the partnership but reasoned that, absent an accounting, there was insufficient evidence to establish that the Respondents had unclean hands. The trial court concluded that the equitable doctrine of unclean hands was not a bar to statutory relief under the UPA, regardless of whether Respondents had unclean hands. The trial court ordered the parties to conduct an accounting of the partnership with the cost of the accounting to be evenly divided.

Appellants requested that the trial court certify the April Order as final for purposes of appeal pursuant to Rule 74.01(b). Respondents objected to certification, arguing the April Order

---

[3] All Rule references are to Mo. R. Civ. P. (2023).

was not final because it did not dispose of all claims by or against at least one party and because related claims remained pending. Finding good cause shown and no reason for delay, the trial court granted Appellants' request and certified the April Order for appeal. This appeal follows.

Jurisdiction

Preliminarily, although neither party contests jurisdiction, we must consider it sua sponte. Wilson v. City of St. Louis, 600 S.W.3d 763, 765 (Mo. banc 2020) (citing First Nat'l Bank of Dieterich v. Pointe Royale Prop. Owners' Ass'n, Inc., 515 S.W.3d 219, 221 (Mo. banc 2017)); Fleahman v. Fleahman, 25 S.W.3d 162, 164 (Mo. App. E.D. 1999) (internal citation omitted). If we lack jurisdiction, then we must dismiss the appeal. Energy Mkt. 709, LLC v. City of Chesterfield, 614 S.W.3d 643, 647 (Mo. App. E.D. 2020) (internal citation omitted).

Here, the trial court certified its April Order as final for purposes of appeal under Rule 74.01(b). Rule 74.01(b) "provides a limited exception to [Section 512.020(5)'s] finality requirement." Dieterich, 515 S.W.3d at 221. "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved," Rule 74.01(b) authorizes the circuit court to enter judgment on one or more but fewer than all claims and certify that there is no just reason for delaying the appeal. Rule 74.01(b); Dieterich, 515 S.W.3d at 221–22 (quoting Rule 74.01(b)).

A circuit court's designation is not conclusive as to whether the judgment was eligible for certification. Gibson v. Brewer, 952 S.W.2d 239, 244 (Mo. banc 1997) (internal citation omitted). A trial court's designation of a judgment as final under Rule 74.01(b) "is effective only when the order disposes of a distinct 'judicial unit.'" ABB, Inc. v. Securitas Sec. Servs. USA, Inc., 390 S.W.3d 196, 200 (Mo. App. W.D. 2012) (quoting Gibson, 952 S.W.2d at 244). "The required 'judicial unit for an appeal' has a settled meaning: 'the final judgment on a claim, and not a ruling on some of several issues arising out of the same transaction or occurrence

3

which does not dispose of the claim.'" Id. (quoting Gibson, 952 S.W.2d at 244). "This definition of 'judicial unit' requires that a 'trial court's decision . . . dispose of a *minimum of one claim*.'" Id. at 201 (quoting Bannister v. Pulaski Fin. Corp., 255 S.W.3d 538, 541 (Mo. App. E.D. 2008)). As such, Rule 74.01(b) applies only when at least one claim has been fully resolved. See id.; see also Dieterich, 515 S.W.3d at 222. We must look to the "content, substance, and effect" of the April Order to determine whether it resolved a distinct judicial unit making it eligible for certification. See Wilson, 600 S.W.3d at 771 (quoting Gibson, 952 S.W.2d at 244).

Appellate jurisdiction over a claim for a partnership accounting under the UPA is appropriate only after a circuit court has issued a final judgment of accounting. Fleahman, 25 S.W.3d at 164 (internal citations omitted); McCord v. Sisco, 897 S.W.2d 194, 198 (Mo. App. S.D. 1995) (internal citation omitted). An action for an accounting is normally tried in two bifurcated phases: (1) the trial court determines whether there is any right to accounting and, if so, enters an interlocutory order, and (2) the trial court proceeds to the actual accounting. Fleahman, 25 S.W.3d at 164 (internal citation omitted); McCord, 897 S.W.2d at 197 (internal citation omitted). The bifurcated nature of an accounting arises because "the trial court must resolve the question of whether such party is entitled to [an accounting] before the court hears evidence relative to the accounting itself." McCord, 897 S.W.2d at 197 (citing State ex rel. Rowlett v. Wilson, 574 S.W.2d 376, 378 (Mo. banc 1978)). Critically, an appeal from a trial court's order in the first phase granting the right to an accounting is not final for purposes of appeal. Fleahman, 25 S.W.3d at 164 (internal citation omitted) (dismissing an appeal for lack of a final judgment where the trial court's order found the right to an accounting but a formal accounting had not been conducted and there was no judgment dividing the partnership assets);

4

see also H2O'C Ltd. v. Brazos, 114 S.W.3d 397, 401–02 (Mo. App. W.D. 2003) (citing

Fleahman, 25 S.W.3d at 164).  A trial court's order on a threshold matter as to whether a party is

entitled to a partnership accounting, such as whether a partnership existed, is not eligible for

Rule 74.01(b) certification because a claim for a partnership accounting is not final "until the

trial court either (a) orders an accounting ***and, after the accounting is finished, enters judgment***

***thereon,*** or (b) denies an accounting."  McCord, 897 S.W.2d at 198 (internal citation omitted)

(emphasis added).[4]  Because a claim for a partnership accounting is not adjudicated until the

accounting is conducted, an appeal from an interlocutory order granting the right to an

accounting is not eligible for Rule 74.01(b) certification in that it does not fully dispose of one

claim, a requisite for resolving a judicial unit.  See Fleahman, 25 S.W.3d at 164 (internal citation

omitted); McCord, 897 S.W.2d at 198.

Here, no single claim for a partnership accounting has been fully adjudicated.  The April

Order found that a partnership existed, and that Respondents were entitled to a statutory

accounting under Section 358.220.  The April Order ordered an accounting be conducted and

provided its cost be split evenly between the parties.  However, the April Order does not conduct

the accounting.  Because no formal accounting has been performed and there is no judgment

dividing the partnership assets, the claim for a statutory partnership accounting has not been fully

resolved.  See Brazos, 114 S.W.3d at 401–02 (citing Fleahman, 25 S.W.3d at 164).  Additionally,

the April Order does not grant or deny the claim for an equitable accounting.  Nor does it resolve

---

[4] There are circumstances, not present here, in which a trial court's judgment on a claim for a partnership accounting may be considered final after only one trial, provided that trial definitively resolves the claim for a partnership accounting.  See, e.g., King v. Bullard, 257 S.W.3d 175, 181, 183–84 (Mo. App. E.D. 2008) (finding the trial court's judgment following the first phase of trial was final for appeal where the judgment held the parties were entitled to an accounting but erroneously declined to order the accounting be conducted, thereby definitively terminating the accounting claim); Brazos, 114 S.W.3d at 401–02 (finding the trial court's judgment following a single trial was final for appeal where the trial court both found an entitlement to an accounting and proceeded to conduct the accounting with the consent of the parties using the evidence adduced at trial).

5

any other claim in Respondents' Second Amended Petition. Respondents maintain that the doctrine of unclean hands may be addressed during the accounting itself while Appellants frame their appeal as raising a threshold issue as to whether unclean hands should preclude a finding that Respondents are entitled to a partnership accounting in the first place. Despite Appellant's characterization of its claim, the trial court's ruling on this threshold issue did not result in a final adjudication on any single claim. See McCord, 897 S.W.2d at 198 (internal citation omitted). No jurisdiction lies from an appeal from the grant of a partnership accounting until "after the accounting is finished" and final judgment is entered. Id.

We recognize that the trial court found no just reason for delay when it certified the April Order under Rule 74.01(b). However, eligibility for Rule 74.01(b) certification requires the resolution of at least one distinct judicial unit without regard to discretionary factors such as "judicial economy," "calculus as to the merits," or the "efficiency of rendering an appellate opinion." Columbia Mut. Ins. Co. v. Epstein, 200 S.W.3d 547, 552 (Mo. App. E.D. 2006).

> [E]ven if the circumstances suggest that judicial economy could be promoted by certification of an interlocutory order as final, unless the interlocutory order disposes of a distinct "judicial unit," the order cannot be properly certified as final pursuant to Rule 74.01(b), rendering this court without jurisdiction to entertain an appeal from the order.

ABB, 390 S.W.3d at 200.

Because the claim for a partnership accounting has not been resolved, the April Order does not dispose of a distinct judicial unit and is not a final judgment eligible for Rule 74.01(b) certification. See Dieterich, 515 S.W.3d at 221–22; ABB, 390 S.W.3d at 200 (quoting Gibson, 952 S.W.2d at 244). Accordingly, we do not have jurisdiction and must dismiss the appeal. See Energy Mkt. 709, 614 S.W.3d at 647 (internal citation omitted).

6

Conclusion

The appeal is dismissed.

_____
KURT S. ODENWALD, Presiding Judge

Michael E. Gardner, J., concurs.
Renée D. Hardin-Tammons, J., concurs.